■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WINSTON, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County (Balbach, J.), both rendered November 3, 1983, convicting him of attempted criminal sale of a controlled substance in the fifth degree under indictment No. 8208/82 and attempted criminal possession of a controlled substance in the fifth degree under indictment No. 8230/82, upon his pleas of guilty, and sentencing him as a second felony offender to concurrent indeterminate terms of 1½ to 3 years' imprisonment.

Judgments affirmed.

Defendant contends that the concurrent sentences of 1½ to 3 years were excessive under the circumstances. However, the terms imposed were the minimum permitted by statute (Penal Law § 70.06 [3] [e]; [4] [b]). In addition, since the sentence was in accordance with a negotiated plea agreed to by defendant, he could not, in any event, claim it to be excessive (see, People v Kazepis, 101 AD2d 816). Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS WOHNSIGL, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered August 15, 1983, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.