■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DIXON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered December 21, 1982, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

By failing to make a motion to the court of first instance to withdraw his plea or vacate his judgment of conviction, the defendant has failed to preserve for appellate review the issue of the sufficiency of the plea allocution *(see, People v Pellegrino,* 60 NY2d 636; *People v Santiago,* 100 AD2d 857). Nor is reversal warranted in the interest of justice. The defendant charges that his allocution was factually insufficient since he merely attempted to rob his victim, while the indictment charged felony murder based on robbery. It is well settled that a guilty plea can be accepted in the absence of a defendant's personal recitation of all the elements of the crime charged when there is no suggestion in the record that the plea is improvident or baseless *(People v Nixon,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Demonde,* 111 AD2d 867; *People v Moore,* 91 AD2d 1050). There is no such suggestion in the instant case.

In any event, the defendant was properly convicted of murder in the second degree, notwithstanding the fact that he did not admit having completed the robbery, inasmuch as a conviction of felony murder can be predicated on the underly-

ing crime of attempted robbery (Penal Law § 125.25 [3]). Moreover, the defendant clearly understood the charges against him and unequivocally admitted that he had killed the victim while trying to rob him. Accordingly, the defendant's plea was properly accepted. Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.