■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORGETORIX WARREN, Appellant.—On the court's own motion, its decision in the above-entitled case, dated May 27, 1986, is recalled and vacated, and the following decision is substituted:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered June 28, 1984, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The defendant contends that the sentencing court erred by not affording him an opportunity to withdraw his plea of guilty before imposing a higher sentence than that originally negotiated in the plea agreement. Although that is the usual rule (see, Santobello v New York, 404 US 257), it does not apply to the instant case. Taken as a whole, the record indicates the clear intent of the court to condition the promised sentence upon the defendant's appearance on the date scheduled for sentencing. Because the defendant absconded and failed to appear on the scheduled date, the court was no longer bound by its promise and was free to impose a higher sentence (see, People v Gamble, 111 AD2d 869; People v Innes, 111 AD2d 356; People v McDaniels, 111 AD2d 876; People v

*Davis,* 106 AD2d 657; *People v Chevalier,* 92 AD2d 944). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.