◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL LATHAM, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Pincus, J.), both rendered January 24, 1985, convicting him of assault in the second degree under indictment No. 6577/83 and burglary in the second degree under indictment No. 2301/84, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

By failing to make a motion to the court of first instance to withdraw his plea or vacate the judgment of conviction, the defendant has failed to preserve for appellate review the issue of the sufficiency of the plea allocution *(see, People v Lopez,* 71 NY2d 662; *People v Pellegrino,* 60 NY2d 636; *People v Santiago,* 100 AD2d 857). Nor is reversal warranted in the interest of justice inasmuch as the plea allocution satisfied the basic requirements of *People v Harris* (61 NY2d 9) and there is no suggestion in the record that the plea is improvident or baseless *(People v Nixon,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Dixon,* 119 AD2d 831, *lv denied* 68 NY2d 769; *People v Langhorn,* 119 AD2d 844, *lv denied* 68 NY2d 758).

On the record before us, there is no evidence that the defendant was deprived of meaningful representation *(People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137).

Moreover, in light of the nature of the crimes, the sentence imposed was appropriate *(People v Soto,* 129 AD2d 748, *lv denied* 70 NY2d 657; *People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.