■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY ASENCIO, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 7, 1986, convicting him of criminal possession of a controlled substance in the third degree under

indictment No. 2025/85, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court rendered November 6, 1986, convicting him of criminal possession of a controlled substance in the fourth degree under indictment No. 8095/85, upon his plea of guilty, and imposing sentence.

Ordered that the judgment and amended judgment are affirmed.

The defendant's contention that the factual recitation of his plea of guilty entered under indictment No. 2025/85 was deficient is not preserved for appellate review (see, People v Pellegrino, 60 NY2d 636). Furthermore, the record establishes that the defendant knowingly, voluntarily and intelligently pleaded guilty with the assistance of competent counsel. There is no indication that the guilty plea was improvident or baseless and, therefore, it was properly accepted by the court (see, People v Dixon, 119 AD2d 831; People v Langhorn, 119 AD2d 844).

Similarly unavailing is the defendant's claim that the court improperly imposed a more severe sentence than the sentence promised when the guilty plea under indictment No. 2025/85 was entered. The court clearly and unequivocally conditioned the promised sentence on the defendant's appearance in court on the scheduled date and his cooperation with the Probation Department. The defendant failed to fulfill either condition and only appeared for sentencing after he was arrested on a bench warrant. His proffered explanations for the violations of the conditions were vague, unsubstantiated and insufficient. Accordingly, the court properly imposed a more severe sentence (see, People v Warren, 121 AD2d 418; People v Innes, 111 AD2d 356, 357; People v Gamble, 111 AD2d 869).

The defendant's sole contention with respect to indictment No. 8095/85 is that because his plea of guilty under that indictment was induced by a promise of a sentence to run concurrently with the sentence imposed under indictment No. 2025/85 if the plea under that indictment is vacated, the plea under indictment No. 8095/85 must also be vacated (see, People v Clark, 45 NY2d 432). However, since there is no basis upon which to vacate the plea as to the former, there is no basis upon which to vacate the plea under the latter. Mangano, J. P., Bracken, Eiber, Spatt and Sullivan, JJ., concur.