■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SICHENZIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered August 12, 1988, convicting him of grand larceny in the second degree, grand larceny in the third degree (15 counts), scheme to defraud in the first degree, and offering a false instrument for filing in the first degree, upon his plea of guilty, and sentencing him to a $5,000 fine on each count, a term of 1 to 3 years' imprisonment upon his conviction of scheme to defraud in the first degree, to run consecutively to a term of 5 to 15 years' imprisonment upon his conviction of grand larceny in the second degree, to run consecutively to a term of 1 to 3 years' imprisonment upon his conviction of falsifying an instrument for filing in the first degree, to run consecutively to 15 consecutive terms of 2 to 6 years' imprisonment upon his conviction of grand larceny in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, (1) by reducing the term of imprisonment imposed upon the conviction of grand larceny in the second degree to 4 to 12 years' imprisonment, and (2) by deleting the provisions that the terms of imprisonment are to be served consecutively to each other and by substituting

therefor a provision that the terms of imprisonment imposed upon all the counts shall be served concurrently; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Pursuant to the terms of a negotiated plea agreement, the defendant agreed to plead guilty to all outstanding counts in the indictment and to make restitution in a sum not in excess of about $375,000 prior to the sentence date, August 12, 1988. In exchange, the court promised to sentence him to no more than a term of six months' imprisonment and a term of five years' probation, with the term of imprisonment to run concurrently with and as a condition of the term of probation. It was further agreed that if full restitution were not made by the date of sentence, which date would not be subject to any further adjournment by the defendant "for reasons pertaining to anything, as determined by the court", the court was free to impose any authorized sentence for each crime charged in the indictment. During the plea proceedings, cash bail in the sum of $100,000, which had been posted on an unrelated charge which was dismissed as part of the plea bargain, was irrevocably applied toward payment of the restitution with the consent of the surety. On the date of sentence, the defendant had failed to make full restitution, and his application for an adjournment was denied.

Since restitution was not complete as of the date of sentence, the court was not bound to fulfill its sentence promise of six months' imprisonment to run concurrently with and as a condition of a term of five years' probation, but was free to impose any alternative sentence authorized for the subject felony convictions (see, People v Lader, 114 AD2d 390; see also, People v Felman, 141 AD2d 889; People v Shapiro, 132 AD2d 583). Furthermore, upon a review of this record, the sentencing court did not improvidently exercise its discretion in denying the defendant's motion for an adjournment. The application was predicated upon the defendant's unsubstantiated, general representations that he would be able to raise the necessary funds to make full restitution within a six-week period, albeit he had failed to liquidate any assets during the 90-day period provided for in the plea agreement.

Notwithstanding the fact the aggregate maximum and minimum terms of the consecutive sentences imposed by the court are reduced by statute to what is in actuality a term of 10 to 20 years' imprisonment (see, Penal Law § 70.30 [1] [c] [i]), the imposed sentences were nevertheless excessive. The numerous

larcenies perpetrated by the defendant during the operation of a modular home construction business and the large monetary losses suffered by his customers clearly warrant imprisonment. However, the court's determination to impose the maximum allowable sentence for the crime of grand larceny in the second degree and to make all the sentences run consecutively failed to give adequate consideration to the rehabilitation objective of a penal sanction and failed to take into account the partial restitution of $100,000 made available to the victims at the time the guilty plea was entered *(see, e.g., People v Luongo,* 58 AD2d 895, *affd* 47 NY2d 418). We note further that upon the argument of this appeal the defendant's attorney made a belated attempt to make full and complete restitution of the balance of $275,000 but the District Attorney refused to accept the same as a condition of imposing the original agreed-upon sentence. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.