■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MOLESSE, Appellant.—Appeal by the defendant from four judgments of the Supreme Court, Queens County (Sherman, J.), all rendered September 21, 1987, convicting him of burglary in the second degree (four counts; one count as to each indictment), upon his pleas of guilty, and imposing sentences of concurrent indeterminate terms of six years' to life imprisonment as a persistent felony offender.

Ordered that the judgments are modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

As a result of four separate burglaries, the defendant was charged, in relevant part, with burglary in the second degree under four indictments. On May 2, 1986, the defendant withdrew his not guilty pleas and entered guilty pleas to the four counts of burglary in the second degree in satisfaction of all the counts in the four indictments. Prior to accepting the pleas, the Supreme Court noted that the defendant might be a persistent felony offender, and that upon such an adjudication, the court had the option of sentencing the defendant to a maximum life term with a minimum term of 15 to 25 years. However, the court further noted that if the defendant appeared on the date set for sentence, it would not exercise its option to so sentence the defendant. Rather, the court would sentence the defendant to a term of imprisonment applicable to a second felony offender. The court made no additional promises as to the actual length of the sentences which would be imposed, or whether the sentences would run concurrently or consecutively. Further, the court indicated that if the defendant failed to appear on the date set for sentencing, it would be released from its promise not to invoke "the sentencing option under the A-1 felony sentencing terms of 15 to 25 to life" and it would "be free to sentence [the defendant] to whatever [was] proper". The court then set June 13, 1986, as the date for sentencing, noting that if the defendant did not appear, it would sentence him in absentia. The defendant authorized his attorney "to stand in for [him] for the sentencing on June 13", if he did not appear.

The defendant did not appear for sentencing. However, he was not sentenced in absentia. Upon the return of the defendant on a warrant, the court found that it was no longer bound by its promise and, after a hearing, it adjudicated the defendant a persistent felony offender, and sentenced him to concurrent indeterminate terms of six years' to life imprisonment.

Unlike the situation in *Innes v Dalshiem* (864 F2d 974, *cert denied* — US —, 110 S Ct 50, *on remand* 703 F Supp 245), in this case, the defendant clearly acknowledged that he was waiving his right to be tried and agreed instead that if he failed to appear at sentencing, the court could adjudicate him a persistent felony offender and impose a life sentence. Moreover, as previously noted, there were no promises as to the length of the sentences or the imposition of consecutive or concurrent terms. Thus, under the plea agreement, if the defendant had appeared for sentencing, the court could have imposed the maximum terms applicable to a second felony offender, i.e., four consecutive terms of 7½ to 15 years' imprisonment, which would have resulted in a maximum period of incarceration of 10 to 20 years *(see,* Penal Law § 70.06 [3] [c]; § 70.30 [1] [c] [i]; *see also, Matter of Roballo v Smith,* 63 NY2d 485, 487-488). Accordingly, there is no merit to the defendant's claim that the pleas should be vacated on the ground of ambiguity. In addition, the defendant's other contentions with regard to the court's denial of his motions to withdraw his pleas are without merit.

With respect to the defendant's sentences, upon properly adjudicating the defendant a persistent felony offender, the court had the option of imposing concurrent or consecutive terms of imprisonment authorized by Penal Law § 70.06 (3) (c) for a second felony offender ranging from 3 to 6 years to 7½ to 15 years, or imposing sentences of imprisonment authorized for a class A-I felony offender ranging from 15 years to life to 25 years to life *(see,* Penal Law § 70.00 [2], [3] [a] [i]; § 70.10 [2]). At the plea proceeding, the court recognized the illegality of imposing sentences of six years to life originally recommended by the People, and further noted that the minimum terms of the sentences would have to be 15 years if a maximum life term was imposed. Nevertheless, the court inexplicably imposed the illegal sentences of six years to life. Since the defendant now challenges the excessiveness of his sentences, the judgments are modified by vacating the sentences imposed, and the matter is remitted to the Supreme Court, Queens County, for resentencing. In light of this determina-

tion, the issue of the excessiveness of the sentences need not be addressed at this juncture. Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.