■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER MILLER, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.),

rendered August 18, 1989, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for dismissal of Indictment Numbers 1677/88 and 1678/88.

After entering his plea of guilty in the instant matter, the defendant requested that he be released on his own recognizance for two weeks prior to sentencing. The court acceded to this request, informing him that should he fail to appear in court on the scheduled date, an increased sentence of 7½ to 15 years imprisonment would be imposed in lieu of the bargained-for sentence of 3 to 6 years imprisonment. The defendant indicated that he understood the terms of this condition and he consented to it.

Having failed to return to court on the appointed date, the defendant was subsequently arrested on a bench warrant. Thereafter, at sentencing, the court imposed the promised increased sentence of 7½ to 15 years imprisonment.

Since the defendant failed to fulfill a condition underlying the sentence agreement, namely, that he return to court at the conclusion of his two-week release, the court was no longer bound by its original sentence promise and had the right to impose a greater sentence upon the defendant's violation of the agreed-upon conditions (see, People v Warren, 121 AD2d 418; see also, People v Asencio, 143 AD2d 917, 918). Additionally, since the promise of an increased sentence was part of the original plea agreement, the defendant has no cause to complain that the sentence imposed is excessive (see, People v Winston, 114 AD2d 918; People v Kazepis, 101 AD2d 816, 817; see also, People v Perkins, 130 AD2d 521, 522).

Upon our review of the minutes of the plea proceedings, we find that the dismissal of Indictment Numbers 1677/88 and 1678/88 was part of the original plea bargain and that it was error for the court to fail to dismiss those indictments at sentencing. Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for dismissal of those indictments. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.