■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSALDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered September 1, 1989, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his constitutional right to the assistance of counsel when the court temporarily precluded defense counsel from speaking with

him during the factual portion of the plea allocution, is without merit.

A defendant's right to the assistance of counsel is not absolute but is, rather, subject to the right of the court to impose reasonable rules to control the conduct of the proceedings (see, People v Hilliard, 73 NY2d 584). After the defendant conferred with counsel and informed the court that he was satisfied with the representation that he received, the court sought to ascertain from the defendant, in his own words, that he was, in fact, guilty. To that end, the court briefly restricted conversation between the defendant and his counsel during the plea allocution. At no point did the defendant either express confusion or request a conference with counsel. Under the circumstances, the brief restriction of the defense counsel's ability to converse with his client did not constitute a deprivation of the defendant's right to the effective assistance of counsel.

The record indicates the clear intent of the court to condition the promised sentence upon the defendant's not being arrested on any new criminal charge, upon his appearance in court on the day of sentencing, and upon his cooperation with the Department of Probation. The defendant agreed to these conditions, knowing that the court would sentence him to an enhanced sentence if any of the conditions were violated. Since the defendant was arrested on new criminal charges prior to the imposition of sentence, the court was not bound by its promise and was free to impose a more stringent sentence (see, People v Asencio, 143 AD2d 917; People v Warren, 121 AD2d 418). Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.