■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY FELDER, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Golia, J.), rendered July 7, 1989, convicting him of manslaughter in the first degree under Indictment No. 2075/82, upon his plea of guilty, and (2) a judgment at the same court, also rendered July 7, 1989, convicting him of attempted criminal possession of stolen property in the first degree under Indictment No. 6232/85, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

As we have recently observed, "[i]t is well settled that where the defendant fails to comply with a condition of his or her plea agreement, the court is not bound by its original sentencing promise and may unilaterally impose an enhanced sentence" *(People v Johnson,* 177 AD2d 651; *People v Miller,* 170 AD2d 464; *People v McNeill,* 164 AD2d 951; *People v Erazo,* 155 AD2d 477).

Here, the court clearly and unequivocally informed the

defendant during the plea proceeding that the imposition of the bargained-for sentence would be contingent upon his appearing on the scheduled sentence date and that if he failed to appear, an enhanced sentence would be imposed. Inasmuch as the defendant did not appear on the scheduled sentence date, the court permissibly imposed the enhanced sentence which it had discussed as part of the original plea agreement *(see, People v Molesse,* 162 AD2d 629; *People v Gibbs,* 161 AD2d 661; *People v Miller,* 170 AD2d 464, *supra; see also, People v Cataldo,* 39 NY2d 578, 580).

Finally, the increased sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80; *People v Miller, supra,* at 465). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.