■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD C. HANSEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered January 13, 1992, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the County Court, Suffolk County for further proceedings pursuant to CPL 460.50 (5).

The record reveals that the defendant knowingly, voluntarily, and intelligently entered into a plea agreement pursuant

to which he would receive one of two alternate sentences; either, five years probation, in the event he made restitution by the date of sentence, or five years probation and six months imprisonment, in the event he failed to make restitution. The defendant failed to make restitution and the court sentenced him to five years probation and six months imprisonment. Prior to the imposition of sentence, the court denied the defendant's application to withdraw his plea.

On appeal, the defendant contends, *inter alia,* that he should have been permitted to withdraw his plea since the court allegedly failed to abide by its plea commitment in sentencing him to a term of six months imprisonment to run concurrently with, and as a condition of, his five-year term of probation. We disagree.

Contrary to the defendant's contentions, the court fully adhered to the terms of its original sentence promise. The plea minutes reveal that the defendant agreed and understood that the court's sentence commitment was comprised of two possible alternatives; either five years probation with a concurrent term of six months imprisonment as a condition thereof, or probation alone, depending upon whether he was able to make restitution. Inasmuch as the defendant failed to make restitution, the court properly sentenced him as promised to probation and six months imprisonment in accord with the clear terms of its original sentence commitment *(see,* Penal Law § 60.27 [1]; *People v Miller,* 170 AD2d 464; *People v Felman,* 141 AD2d 889, 890; *People v Kazepis,* 101 AD2d 816, 817; *cf., People v Sichenzia,* 155 AD2d 702, 703). In light of the foregoing, the court properly denied the defendant's motion to withdraw his plea of guilty *(People v Tinsley,* 35 NY2d 926). Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.