■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER FIELDS, Appellant. [602 NYS2d 674] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered July 24, 1991, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

After entering his plea of guilty, the defendant requested that he be released on his own recognizance pending sentence. The court granted the request, explicitly warning the defendant that should he fail to appear on the scheduled date for sentencing, an increased sentence of 7½ to 15 years imprisonment would be imposed in lieu of the bargained-for sentence of 3 to 6 years imprisonment. The defendant indicated that he understood these terms.

The defendant failed to return to court on the appointed date, and he was subsequently arrested on a bench warrant. Thereafter, the court imposed the sentence of 7½ to 15 years imprisonment.

Since the defendant failed to fulfill a condition underlying the sentence agreement by failing to return to court for sentencing, the court was no longer bound by its original sentence promise and had the right to impose a greater sentence *(see, People v Miller,* 170 AD2d 464; *People v Warren,* 121 AD2d 418). Additionally, since the promise of an increased sentence was part of the original plea agreement, the defendant has no cause to complain that the sentence imposed is excessive *(see, People v Miller, supra; People v Kazepis,* 101 AD2d 816). Bracken, J. P., Balletta, Eiber, O'Brien, and Pizzuto, JJ., concur.