◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIBERTO ERAZO, Appellant. [622 NYS2d 86] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered December 2, 1991, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment from 15 years to life imprisonment to 7½ to 15 years imprisonment; as so modified, the judgment is affirmed.

The grounds set forth by the defendant in support of his claim of ineffective assistance of counsel, insofar as reviewable on this record, lack merit.

The defendant failed to appear for sentencing and was

subsequently arrested on unrelated charges, both events constituting violations of the plea agreement. In accordance with that agreement, the court, which had promised to sentence the defendant to an indeterminate term of 4 to 8 years imprisonment if he complied with the court's directives, sentenced the defendant, as a persistent nonviolent felony offender (see, Penal Law § 70.10; see also, People v Molesse, 162 AD2d 629), to a term of 15 years to life imprisonment. Considering all of the circumstances of this case, we conclude that the enhanced sentence imposed by the Supreme Court was unduly harsh. As a matter of discretion in the interest of justice, we reduce the sentence to an indeterminate term of 7½ to 15 years imprisonment (see, People v Prescott, 196 AD2d 599; People v McCoy, 182 AD2d 713). Ritter, J. P., Copertino, Joy and Hart, JJ., concur.