■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE WATSON, Appellant. [666 NYS2d 451] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered June 19, 1995, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree (two counts), and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements as well as physical evidence.

Ordered that the judgment is affirmed.

The hearing court's determinations as to credibility are afforded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence (*see, People v Prochilo,* 41 NY2d 759). As the hearing court's determination was supported by the record, we will not disturb it on appeal. Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY WHITE, Appellant. [666 NYS2d 442] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered March 14, 1996, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention on appeal that he did not knowingly and intelligently agree to an enhanced sentence in the event that he failed to appear for sentencing is without merit (*see, People v Fields,* 197 AD2d 633).

The defendant's claim that the enhanced sentence was excessive is similarly without merit (*see, People v Kazepis,* 101 AD2d 816). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.