*717 Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered March 25, 2008, convicting defendant upon her plea of guilty of the crimes of grand larceny in the second degree and tampering with public records in the first degree.
Between 2002 and 2007, defendant used her position as the clerk/treasurer of the Village of Port Henry in Essex County to steal over $150,000. When criminal charges were going to be filed against her, she waived indictment and agreed to be prosecuted by a superior court information charging her with grand larceny in the second degree and tampering with public records in the first degree. She subsequently pleaded guilty to these crimes and waived her right to appeal. There was no specific sentence agreed to under the terms of the plea agreement although County Court advised defendant that she could receive 5 to 15 years in prison on the grand larceny charge. Thereafter, defendant was sentenced to consecutive terms of imprisonment of 5 to 15 years for grand larceny in the second degree and 2Vs to 7 years for tampering with public records in the first degree. Defendant now appeals.
Initially, defendant contends that she is not precluded by her waiver of the right to appeal from challenging the severity of the sentence because County Court neglected to fully inform her of the maximum sentences that she could receive for the crimes at issue at the time she pleaded guilty and executed the waiver. We are constrained to agree. Although County Court retained discretion and did not make any promise with regard to a specific sentence to be imposed under the plea agreement, the court failed to advise defendant of the possible sentence that could be imposed on the tampering charge or that the sentence for this crime could run consecutive to the sentence to be imposed on the grand larceny charge. In light of these omissions, we find that defendant’s waiver does not encompass her challenge to the severity of the sentence (see People v Shea, 254 AD2d 512, 513 [1998]; cf People v Lococo, 92 NY2d 825 [1998]; People v Grant, 294 AD2d 671, 672 [2002], lv denied 98 NY2d 730 [2002]).
Circumstances that merit consideration with regard to defendant’s claim that her sentence is harsh and excessive are that defendant has no prior criminal record and she paid full *718 restitution by the time of sentencing. In view of these factors and the failure to formally advise defendant of all relevant considerations at the time of the plea, we exercise our interest of justice jurisdiction and modify the sentence by directing that the terms of imprisonment for each crime run concurrently (see People v Murdock, 219 AJ)2d 764 [1995]; People v Sichenzia, 155 AD2d 702 [1989], lv denied 75 NY2d 775 [1989]).
Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the sentences imposed upon defendant run concurrently to one another, and, as so modified, affirmed.