■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NALLEY, Also Known as JOSEPH NALLY, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered February 5, 1988, convicting him of murder in the second degree, manslaughter in the second degree, and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the victim's death was caused in the course and furtherance of the robbery or in the immediate flight therefrom *(see,* Penal Law § 125.25 [3]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD RAMMELKAMP, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce,

J.), rendered October 24, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt. The evidence established that the defendant went to a bar with an unlicensed gun and, knowing it was loaded, removed it from its holster and displayed it, while holding his finger on the trigger. When the defendant and the bartender struggled to gain control of the weapon *(see, People v Languena,* 129 AD2d 587), it discharged four times *(see, People v Fenner,* 61 NY2d 971), the first two shots going astray, but the latter two inflicting the wounds which were responsible for the bartender's death. The defendant then fled from the bar without summoning medical aid *(see, People v Kanelos,* 107 AD2d 764), and hid the gun in a crawl space in his father's apartment building. The jury was thus entitled to find that the defendant created a grave risk of the bartender's death and caused his death under circumstances evincing a depraved indifference to human life *(see,* Penal Law § 125.25 [2]; *People v Roe,* 74 NY2d 20; *People v Licitra,* 47 NY2d 554; *People v Watson,* 156 AD2d 403; *People v Languena, supra).*

The defendant's challenge to the court's refusal to charge criminally negligent homicide *(see,* Penal Law § 125.10) as a lesser included offense of murder in the second degree *(see,* Penal Law § 125.25 [2]) is foreclosed by reason of the jury's verdict finding him guilty of murder in the second degree, the crime alleged in the indictment, and its implicit rejection of the charged lesser-included offenses of first and second degree manslaughter *(see, People v Boettcher,* 69 NY2d 174, 180; *People v Kanelos, supra).*

