■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN ANCRUM, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J., at hearing; Martin H. Rettinger, J., at sentencing), rendered June 26, 1990, which convicted defendant, upon his plea of guilty, of attempted robbery in the first degree and sentenced him, as a predicate felony offender, to a term of imprisonment of 4 to 8 years, unanimously modified, on the law, to the extent of vacating the $2 crime victim assistance fee and otherwise affirmed.

Defendant's contention that his suppression motion should have been granted is not reviewable on appeal, defendant having waived such review as a condition of his plea agreement *(see, People v Seaberg,* 74 NY2d 1, 7-10). In any event, were we to undertake such a review, we would find that the lineup was conducted without undue suggestiveness, and that the suppression court did not abuse its discretion in refusing defendant's request to call the complaining witness to testify at the hearing *(see, People v Chipp,* 75 NY2d 327, 338-339). Nor did the trial court abuse its discretion in refusing to waive the mandatory surcharge imposed pursuant to Penal Law § 60.35, defendant having failed to demonstrate his indigency (CPL 420.35 [2]). Moreover, defendant's request for such waiver is premature since he may move therefor upon his release from prison *(see, People v Snell,* 161 AD2d 1125, *lv denied* 76 NY2d 796). However, as the People concede, the crime victim assistance fee was improperly imposed, the instant crime having been committed one day before the statute authorizing such fee (Penal Law § 60.35) became effective. Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.