■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FIGUEROA, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Rotker, J.), imposed in absentia on November 2, 1989, upon the defendant's conviction of burglary in the first degree, upon his plea of guilty, the sentence being 12½ to 25 years imprisonment.

Ordered that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment from 12½ to 25 years to 6 to 12 years; as so modified, the sentence is affirmed.

The defendant, following his plea of guilty to burglary in the first degree, a Class B violent felony, was informed by the Supreme Court that if he abided by certain conditions, including that he appear for sentencing, his "case" would be "reduced" to a Class D felony and he would receive a sentence of 2½ to 5 years imprisonment, the minimum permissible sentence given the defendant's status as a second violent felony

offender *(see,* Penal Law § 70.04 [3] [c]). However, the defendant was, on the originally-scheduled sentencing date, sentenced in absentia *(see, People v Corley,* 67 NY2d 105) to 12½ to 25 years imprisonment, the maximum sentence for the crime to which the defendant pleaded guilty *(see,* Penal Law § 70.04 [3] [a]).

We agree with the defendant who neither contests the propriety of imposing sentence in absentia *(cf., People v Corley, supra),* nor seeks enforcement of the original bargain *(see, People v Warren,* 121 AD2d 418; *People v Gamble,* 111 AD2d 869; *cf., People v Davis,* 106 AD2d 657), that the sentence imposed is too severe. Although the Supreme Court was not bound to honor the original bargain, the disparity between what was originally regarded by the Supreme Court as an adequate sentence for this defendant due to the conduct giving rise to this prosecution, and what was thereafter actually imposed, renders the latter unduly harsh. We modify the sentence to the extent indicated *(cf.,* CPL 470.15 [2] [c]). Mangano, P. J., Thompson, Harwood, Balletta and Copertino, JJ., concur.