■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORIO CRUZ, Appellant. [594 NYS2d 342] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered March 20, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities and physical evidence.

Ordered that the judgment is affirmed.

As the result of a verbal altercation between the defendant and a vendor in a candy store, the defendant fired a number of shots in the direction of the vendor and hit an innocent bystander. A police detective (who, one week later, arrested the defendant) spoke with the vendor, who provided a description of the shooting and of the defendant. Four days later, an

anonymous informant called the "Crime Stoppers Unit" and told the detectives that he knew the defendant and that the defendant had confessed the crime to him. The anonymous informant provided the police with the defendant's name and address and an account of the events. The police then went to that address and spoke with the defendant, but did not arrest him.

Three days later, the police learned from the same anonymous informant that the defendant was going with the informant's brother to a grocery store in Harlem to sell the murder weapon. The informant provided a description of the car they were taking and its license plate number. The detectives arrested the defendant at the grocery store immediately after he threw a black knapsack containing the cardboard carrying case of a Smith & Wesson nine millimeter semi-automatic weapon over the counter inside the store.

The defendant's contention that the hearing court improperly failed to suppress his statements or the physical evidence is without merit. A warrantless arrest, as here, may be made when the arresting officer has probable cause to believe that the person arrested committed a crime (see, People v Bigelow, 66 NY2d 417, 423; People v Johnson, 66 NY2d 398, 402). Further, "[p]robable cause may be supplied, in whole or part, through hearsay information" (People v Bigelow, supra, at 423), provided there is a showing that the informant has some basis or knowledge for the information transmitted to the police and that the information can be relied upon by the police (see, People v Johnson, supra, at 402; People v Bigelow, supra). Information given by an informant can be verified by independent police investigation which corroborates the information (see, People v Johnson, supra; People v DiFalco, 80 NY2d 693).

The anonymous informant's account of the shooting, including that the defendant and the vendor entered into a verbal argument after the vendor turned down the defendant's request to use the bathroom was corroborated by the vendor's own account of the events. The vendor's description of the assailant was confirmed when the police investigated and found a man matching the vendor's description of the assailant at the address provided by the informant. The informant's statements were further confirmed by his tip as to the defendant's location at the time of his arrest. Therefore, there was probable cause for the defendant's arrest. Accordingly, the defendant's statements stemming from the subsequent custo-

dial interrogation and the knapsack recovered from behind the counter were admissible.

The defendant's challenge to the court's refusal to charge criminally negligent homicide (see, Penal Law § 125.10) as a lesser-included offense of murder in the second degree (see, Penal Law § 125.25) is foreclosed by reason of the jury's verdict finding him guilty of murder in the second degree, the crime alleged in the indictment, and its implicit rejection of the charged lesser-included offense of manslaughter in the second degree (see, People v Boettcher, 69 NY2d 174, 180; People v Rammelkamp, 167 AD2d 560; People v Kanelos, 107 AD2d 764).

The defendant's remaining contentions including those raised in his supplemental pro se brief, are either without merit or unpreserved for appellate review (see, People v Tardbania, 72 NY2d 852, 853; People v Gray, 144 AD2d 483). Mangano, P. J., Bracken, Eiber and Pizzuto, JJ., concur.