■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARNELL HENDRICKS, Also Known as LARNELL HENDRIX, Appellant. [595 NYS2d 82] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Pincus, J.), rendered March 1, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree under Indictment No. 4903/88, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered March 1, 1990, revoking a sentence of probation previously imposed by the same court under Indictment No. 400/84, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of robbery in the second degree.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, the court did not err in refusing to charge manslaughter in the second degree as a lesser-included offense of murder in the second degree, since no reasonable view of the evidence supported such a charge *(see, People v Vanier,* 178 AD2d 501; *People v Collins,* 177 AD2d 702; *People v Hernandez,* 148 AD2d 546). In any event, given the defendant's conviction on the top count of murder in the second degree despite the court's submission of the lesser-

included offense of manslaughter in the first degree, the defendant is foreclosed from raising a claim of error in failing to submit manslaughter in the second degree *(see, People v Boettcher,* 69 NY2d 174; *People v Tulloch,* 179 AD2d 794; *People v Cahill,* 167 AD2d 411).

We find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.