■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD C. DAVIS, Also Known as BUCK, Appellant. [601 NYS2d 870] —Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered May 9, 1990, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree (four counts).

Defendant was sentenced on his plea of guilty to concurrent prison sentences of 8⅓ to 25 years on each of four counts of criminal sale of a controlled substance in the third degree and 8½ years to life for criminal sale of a controlled substance in the second degree. On this appeal, he argues that the sentence was harsh and excessive and also that the sentence for criminal sale of a controlled substance in the second degree is illegal.

The People concede that defendant was not a predicate felon and could not be legally sentenced to more than 8⅓ years as the minimum portion of his indeterminate sentence for the crime of criminal sale of a controlled substance in the second degree. Therefore, this sentence was illegal *(see,* Penal Law § 70.00 [3] [a] [ii]). Because this sentence was concurrent with those imposed for the other convictions, we find no reason to vacate the sentence or remit the matter, and instead reduce it to a prison term of 8⅓ years to life *(see, People v De Gaspard,* 170 AD2d 835, 839, *lv denied* 77 NY2d 994; *People v Roseboom,* 167 AD2d 784). Further, given defendant's criminal record and the fact that he pleaded guilty knowing that he

---

would receive the sentences ultimately imposed, all of which were concurrent to each other and to the undischarged portion of the sentence defendant was serving at the time, we find no reason to otherwise disturb the sentence imposed *(see, People v Trujillo,* 175 AD2d 950, *lv denied* 78 NY2d 1130; *People v Dean,* 155 AD2d 774, *lv denied* 75 NY2d 812).

Weiss, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the sentence for the conviction of criminal possession of a controlled substance in the second degree to a prison term of 8⅓ years to life, and, as so modified, affirmed.