■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC M. PRESCOTT, Appellant. [601 NYS2d 325] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Rotker, J.), both rendered June 22, 1992, convicting him of attempted criminal sale of a controlled substance in

the third degree (two counts; one count as to each indictment), upon his pleas of guilty, and imposing sentences of two consecutive indeterminate terms of 7½ to 15 years imprisonment.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by reducing the defendant's sentences to two concurrent indeterminate terms of 4 to 8 years imprisonment; as so modified, the judgments are affirmed.

The defendant was promised at the plea proceedings he would be sentenced to two concurrent indeterminate terms of 4 to 8 years imprisonment. However, the defendant was also advised that this sentencing commitment was subject to several conditions. One of these conditions was that if the defendant were rearrested prior to the time of sentencing, he would receive two consecutive indeterminate terms of 7½ to 15 years imprisonment.

The defendant was rearrested following the acceptance of his pleas and, in accordance with the condition noted above, the court imposed two consecutive indeterminate terms of 7½ to 15 years imprisonment. Considering all of the circumstances of this case, we conclude that the enhanced sentence imposed by the Supreme Court was unduly harsh. We also conclude that the defendant's waiver of his right to appeal was conditioned on the premise that the sentence which would ultimately be imposed would be the promised sentence. Under the circumstances, this waiver should not be enforced (see, *People v Arbil C.,* 190 AD2d 856).

We have examined the defendant's remaining contentions and find that they are either academic in light of our disposition of the appeals, or without merit. Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.