■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK CLARKE, Appellant. [621 NYS2d 921] —Appeals by the defendant, as limited by his motion, from (1) a sentence of the Supreme Court, Queens County (Eng, J.), imposed November 19, 1993, under Indictment No. 12129/92, (2) an amended sentence of the same court, also imposed November 19, 1993, under Superior Court Information No. 10517/90, and (3) an amended sentence of the same court, also imposed November 19, 1993, under Indictment No. 10250/91.

Ordered that the sentence imposed under Indictment No. 12129/92 and the amended sentence imposed under Superior Court Information No. 10517/90 are affirmed; and it is further,

Ordered that the amended sentence imposed under Indictment No. 10250/91 is vacated, on the law.

The People concede that the amended sentence imposed under Indictment No. 10250/91 must be vacated because the defendant did not plead guilty to a violation of probation in connection with that indictment, and, therefore, there was no basis for amendment of the sentence originally imposed.

With respect to the enhanced sentences imposed under

Indictment No. 12129/92 and Superior Court Information No. 10517/90, as a result of the defendant's failure to appear for the scheduled sentencing date, we find that the defendant's waiver of his right to appeal should not be enforced since the waiver was conditioned on the premise that the sentences which would ultimately be imposed would be the promised sentences *(see, People v Prescott,* 196 AD2d 599).

We have examined the defendant's contention that the sentence and amended sentence imposed under Indictment No. 12129/92 and Superior Court Information No. 10517/90, respectively, are excessive and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). The defendant failed to comply with a condition of his plea agreement. Therefore, the court was not bound by its original sentencing promise and was free to impose enhanced sentences *(see, People v Thorpe,* 189 AD2d 903; *People v Johnson,* 177 AD2d 651). The enhanced sentences imposed were less than the maximum sentences and were not excessive. Mangano, P. J., Bracken, Lawrence, Altman and Friedmann, JJ., concur.