■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN PATTERSON, Appellant. [621 NYS2d 672] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Linakis, J.), imposed November 8, 1991, upon his conviction of burglary in the first degree, the sentence being an indeterminate term of 12½ to 25 years imprisonment.

Ordered that the sentence is affirmed.

The defendant pleaded guilty to burglary in the first degree and attempted burglary in the first degree with the understanding that if he appeared for sentencing, the burglary in the first degree count would be dismissed and he would be sentenced to an indeterminate term of 5 to 10 years imprisonment for attempted burglary in the first degree. The defendant was advised, however, that if he failed to appear for sentencing, he would receive a sentence of an indeterminate term of 12½ to 25 years imprisonment for burglary in the first degree. The defendant did not appear at sentencing, and the court imposed the enhanced sentence.

Although the defendant waived his right to appeal, the waiver should not be enforced, inasmuch as it was conditioned on the imposition of a sentence of an indeterminate term of 5 to 10 years imprisonment for attempted burglary in the first degree *(see, People v Prescott,* 196 AD2d 599).

Upon review, however, we find no basis to disturb the sentence imposed. The defendant was aware of the consequences of his failure to appear for sentencing *(see, People v Kazepis,* 101 AD2d 816), and under the circumstances of this case, the disparity between the promised sentence for attempted burglary in the first degree and the sentence ultimately imposed for burglary in the first degree does not render the latter unduly harsh *(cf., People v Figueroa,* 186 AD2d 146). Mangano, P. J., Rosenblatt, Miller, Copertino and Krausman, JJ., concur.