**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO VELEZ, Appellant.** [628 NYS2d 158] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Tomei, J.), imposed October 11, 1994, upon his conviction of criminal possession of a weapon in the third degree, upon his plea of guilty, the sentence being an indeterminate term of two to six years imprisonment.

Ordered that the sentence is affirmed.

The defendant pleaded guilty to criminal possession of a weapon in the third degree with the understanding that if he appeared for sentencing, a definite term of one year of imprisonment would be imposed. The defendant was advised, however, that if he failed to appear for sentencing, the court would not abide by its sentencing commitment, and would impose a longer term of imprisonment. The defendant failed to appear for sentencing, and when he was involuntarily returned to court two years later, he was sentenced to an enhanced term of two to six years imprisonment.

Although the defendant waived his right to appeal, the waiver was conditioned on the imposition of a definite sentence of one year. Because the sentence imposed was an enhanced term of two to six years of imprisonment, the waiver may not be enforced *(see, People v Patterson,* 211 AD2d 829; *People v Prescott,* 196 AD2d 599). Upon appellate review, however, we find that the sentence ultimately imposed was neither unduly harsh nor excessive *(see, People v Delgado,* 80 NY2d 780). Furthermore, the defendant's challenge to the imposition of the mandatory surcharge is premature *(see, People v West,* 124 Misc 2d 622; *People v Burke,* 204 AD2d 345; *People v Fields,* 193 AD2d 814). Mangano, P. J., Sullivan, Balletta, Santucci and Krausman, JJ., concur.