■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES VALENTINE, Appellant. [632 NYS2d 663] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Rotker, J.), both rendered January 29, 1993, convicting him of criminal possession of a controlled substance in the fifth degree (two counts, one each as to Indictment Nos. 12223/91 and 13904/91), upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motions which were to suppress physical evidence.

Ordered that the judgments are affirmed.

The two arrests of the defendant which were at issue during the consolidated *Mapp* hearing were lawfully effected *(see, People v Hollman,* 79 NY2d 181, 184-185; *see also,* Penal Law §§ 120.20, 220.03, 220.16, 220.31; *People v Gittens,* 110 AD2d 908). Since the police were authorized to arrest the defendant, they were similarly authorized to search him incidentally thereto *(see, People v De Santis,* 46 NY2d 82, 87, *cert denied* 443 US 912; *People v Troiano,* 35 NY2d 476, 478). Accordingly, the Supreme Court properly denied the branches of both of the defendant's omnibus motions which were to suppress the narcotics recovered from his person upon each arrest.

In addition, we find no basis to disturb the sentences imposed upon the defendant. The record indicates that the defendant was fully aware that the negotiated sentences were conditioned upon his appearing in court to be sentenced. In addition, the Supreme Court specifically advised the defendant several times that he would receive a total of 7 to 14 years imprisonment if he failed to appear for sentencing. The defendant specifically stated that he understood he would receive this enhanced sentence if he failed to appear on the relevant date. Despite being fully aware of the consequences, the defendant failed to appear for sentencing and thus voluntarily absented himself from the proceeding. When he was involuntarily returned to court, the defendant proffered no excuse for his failure to appear. Upon reviewing all the circumstances attendant to this case, we find that the sentences imposed upon the defendant were not unduly harsh *(see, People v Patterson,* 211 AD2d 829; *see also, People v Velez,* 216 AD2d 339; *People v Clarke,* 211 AD2d 807). Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.