■ The People of the State of New York, Respondent, v Osborne Broadie, Appellant. [633 NYS2d 517] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 4, 1991, convicting

him of murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the trial court's refusal to charge criminally negligent homicide *(see,* Penal Law § 125.10) as a lesser-included offense of murder in the second degree *(see,* Penal Law § 125.25 [1]) is foreclosed due to the jury's verdict finding him guilty of murder in the second degree, the crime alleged in the indictment, and its implicit rejection of the charged lesser-included offenses of first and second degree manslaughter *(see, People v Richette,* 33 NY2d 42; *People v Cruz,* 191 AD2d 507; *People v Rammelkamp,* 167 AD2d 560).

The defendant's contention that the prosecutor's summation improperly tended to shift the burden of proof to the defense is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641). In any event, the remarks did not improperly shift the burden of proof *(see, People v Thomas,* 186 AD2d 602).

Finally, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.