■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN WESTON, Appellant. [634 NYS2d 157] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered June 2, 1993, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant argues that the hearing court erred in holding that the police had probable cause to arrest him, and that, as a result, his inculpatory statements were inadmissible and should have been suppressed. We disagree.

Detective Anthony DeRita, the assigned investigator, observed blood stains from the roof of the building where a body was found to the hallway near the defendant's apartment. A neighbor told Detective DeRita that the defendant had been in the hallway with the victim on the previous evening and that, shortly afterward, the neighbor had heard gunshots either in the hallway or in the defendant's apart-

ment, followed by the sound of something being dragged across the roof. This "established the probable involvement" of the defendant in the death of the victim and, added to the detective's further independent observation of blood stains on the floor and wall of the defendant's apartment, was sufficient to establish probable cause for the defendant's arrest *(see, People v Brnja,* 50 NY2d 366, 374; *People v Cruz,* 191 AD2d 507).

In light of our determination, we need not address the defendant's remaining contentions. Bracken, J. P., Sullivan, Miller and Florio, JJ., concur.