THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMAD UDDIN, Appellant. [639 NYS2d 949]

The defendant's challenge to the court's refusal to charge manslaughter in the second degree (*see,* Penal Law § 125.15) as a lesser-included offense of murder in the second degree (*see,* Penal Law § 125.25) is foreclosed by reason of the jury's verdict finding him guilty of murder in the second degree, the crime alleged in the indictment, and its implicit rejection of the lesser-included offense of manslaughter in the first degree (*see, People v Boettcher,* 69 NY2d 174, 180; *People v Broadie,* 221 AD2d 352; *People v Cruz,* 191 AD2d 507; *People v Hendricks,* 191 AD2d 584).

We find the sentence imposed is not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WARD, Appellant. [639 NYS2d 959]

Under the circumstances of this case, the defendant's waiver of his right to appeal was ineffective (*see, People v Patterson,* 211 AD2d 829; *People v Prescott,* 196 AD2d 599). We have examined the defendant's contention that the sentence was excessive and find it to be without merit (*see, People v Patterson, supra; People v Suitte,* 90 AD2d 80). Mangano, P. J., Balletta, O'Brien, Pizzuto and Florio, JJ., concur.