■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS VASALKA, Appellant. [650 NYS2d 570] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered June 21, 1991, convicting him of murder in the second degree (felony murder), robbery in the first degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress evidence, his statements to law enforcement authorities, and eyewitness identification.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the payment of the crime victim assistance fee; as so modified, the judgment is affirmed.

We find no basis in the record to disturb the hearing court's findings that the stop of the defendant was lawful and that the defendant voluntarily agreed to accompany the detectives to police headquarters (*see, People v Prochilo,* 41 NY2d 759). Accordingly, the hearing court properly denied the defendant's motion to suppress his statements to the detectives at police headquarters, as well as the physical evidence recovered.

Additionally, the hearing court properly denied the defendant's motion to suppress the identification testimony. Under the circumstances of this case, the defendant was not deprived of his right to counsel at the lineup (*see, Commonwealth v Charles,* 397 Mass 1, 489 NE2d 679). In any event, the eyewitness had an independent basis for her identification of the defendant (*see, People v Berry,* 201 AD2d 489; *People v Benbow,* 180 AD2d 805).

Contrary to the defendant's contention, the prosecutor proffered a race neutral explanation for challenging a prospective juror (*see, Purkett v Elem,* 514 US 765; *see also, People v Allen,* 86 NY2d 101, 109). Thereafter, the burden shifted to the defendant to demonstrate that the proffered explanation was pretextual (*see, People v Payne,* 88 NY2d 172, 181), and this the de-

fendant failed to do. Therefore, the trial court properly granted the People's peremptory challenge removing the prospective juror from the panel.

The sentence imposed is not excessive (*see, People v Suitte,* 90 AD2d 80) and the defendant's challenge to the imposition of the mandatory surcharge is premature (*see, People v Velez,* 216 AD2d 339; *People v Livieri,* 209 AD2d 641; *People v Fields,* 193 AD2d 814). However, the imposition of the crime victim assistance fee was improper since the offenses of which the defendant was convicted were committed prior to the effective date of the statute (*see,* L 1989, ch 62, § 101 [e]). Accordingly, the provision of the sentence directing payment of the fee is vacated (*see, People v Ancrum,* 182 AD2d 521).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]), without merit, or involve harmless errors. Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.