■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FABIAN, Appellant. [658 NYS2d 664] —Appeal by the defendant, as limited by his motion, from (1) a sentence of the Supreme Court, Kings County (Rienzi, J.), imposed March 14, 1995, upon his conviction of attempted robbery in the second degree under Indictment No. 1913/95, upon his plea of guilty, the sentence being an indeterminate term of one to three years imprisonment, (2) an amended sentence of the same court, also imposed March 14, 1995, upon the revocation of a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, the amended sentence being an indeterminate term of one to three years imprisonment upon his previous conviction of criminal sale of a controlled substance in the third degree under Indictment No. 5212/93, to run concurrently with the sentence imposed under Indictment No. 1913/95, and (3) a

sentence of the same court (Rivera, J.), imposed April 5, 1995, convicting him of robbery in the third degree and grand larceny in the fourth degree under Indictment No. 15352/93, upon his plea of guilty, the sentence being two concurrent indeterminate terms of two-and-one-third to seven years imprisonment to run consecutively to the sentences imposed under Indictment Nos. 1913/95 and 5212/93.

Ordered that the sentence imposed under Indictment No. 15352/93 is modified, on the law, by reducing the term of imprisonment imposed on the conviction of grand larceny in the fourth degree under Indictment No. 15352/93 to an indeterminate term of one-and-one-third to four years imprisonment, to run concurrently with the sentence imposed for robbery in the third degree under Indictment No. 15352/93 and consecutively to the sentences imposed under Indictment Nos. 1913/95 and 5212/93; as so modified, the sentences and the amended sentence are affirmed.

In exchange for his plea of guilty to the charges under Indictment No. 15352/93, the defendant was promised a sentence of six months imprisonment plus five years probation, to run concurrently to a prior sentence of five years probation on an unrelated charge under Indictment No. 5212/93. However, he was also advised that the sentencing commitment was subject to several conditions. One of these conditions was that if he were rearrested prior to sentencing, he would receive two concurrent indeterminate terms of two-and-one-third to seven years imprisonment under Indictment No. 15352/93 and an indeterminate term of one-and-one-third to four years imprisonment under Indictment No. 5212/93. Another condition was that the defendant waive his right to appeal his conviction and his sentence.

The defendant was rearrested and charged under Indictment No. 1913/95 following the acceptance of his plea. Upon the defendant's plea of guilty, the court sentenced him under Indictment No. 15352/93 to two concurrent indeterminate terms of two-and-one-third to seven years imprisonment, to run consecutively to the sentences imposed under Indictment Nos. 1913/95 and 5212/93. Since the waiver of the defendant's right to appeal was predicated on the imposition of the originally promised sentence, it should not be enforced against the defendant on this appeal from his enhanced sentence (*see, People v Patterson*, 211 AD2d 829; *People v Prescott*, 196 AD2d 599, 600).

We find no basis to disturb the sentence imposed on the conviction of robbery in the third degree. The defendant was

aware of the consequences of being rearrested prior to sentencing (*see, People v Moore*, 231 AD2d 649; *People v Patterson, supra; People v Kazepis*, 101 AD2d 816), and the sentence imposed was neither unduly harsh nor excessive (*see, People v Suitte*, 90 AD2d 80). However, as the People concede, the sentence imposed on the conviction of grand larceny in the fourth degree was illegal as it was greater than the statutory maximum (*see,* Penal Law §§ 155.30, 70.00 [2] [e]). We do not remit this matter for resentencing because it is clear that the court intended to sentence the defendant to the maximum term available with respect to this conviction and because the sentence is to run concurrently to the sentence imposed for the conviction of robbery in the third degree (*see, People v Correll*, 207 AD2d 410, 411; *People v Davis*, 195 AD2d 698). Mangano, P. J., Bracken, O'Brien, Pizzuto and Florio, JJ., concur.