■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. WILLIAMS, Appellant. [682 NYS2d 244] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan

County (Ledina, J.), rendered June 16, 1997, which revoked defendant's probation and imposed a sentence of imprisonment.

In May 1996, defendant pleaded guilty to the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and felony driving while intoxicated. As a result, defendant was sentenced to an intermittent prison term of 120 days and five years of probation. After pleading guilty to violating the conditions of his probation and having his probation continued, defendant was arrested and charged with the crime of endangering the welfare of a child. In reporting the arrest to his probation officer, defendant admitted that he had been consuming alcohol. After a second charge of violating probation, defendant admitted consuming alcohol while on probation and failing to follow the suggested treatment for his alcoholism, both violations of the conditions of his probation. As a result of his guilty plea, defendant was sentenced to a prison term of 1 to 3 years and this appeal ensued.

Defendant contends that he was denied the effective assistance of counsel at the sentencing proceedings. We disagree. To succeed on such a claim, a defendant must show that, viewed in the totality of the circumstances, he or she was deprived of meaningful representation (*see, People v Baldi*, 54 NY2d 137). Here, defense counsel successfully negotiated a plea agreement that resulted in the People recommending a sentence less severe than the harshest that could have been imposed (*see, People v Morelli*, 228 AD2d 818, *lv denied* 88 NY2d 990). In arguing for continued probation, counsel reminded County Court that defendant had custody of his three children, was gainfully employed and was suffering from alcoholism. Counsel also argued that if the court deemed imprisonment appropriate, defendant should receive a lesser sentence than what the People had recommended to be served in a County, rather than State, facility. In our view, defendant received competent and meaningful representation.

We also reject defendant's contention that the sentence imposed was harsh and excessive. Defendant's sentence was in accordance with the negotiated plea agreement and was less than the harshest possible sentence he could have received (*see*, Penal Law § 70.00 [2] [e]). Moreover, in light of defendant's lengthy criminal record and unwillingness or inability to comply with the terms of his probation, we find no reason to disturb the sentence imposed (*see, People v Recor*, 209 AD2d 831, *affd* 87 NY2d 933; *People v Nazarian*, 150 AD2d 923, *lv denied* 74 NY2d 744).

Defendant's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed.