Cardona, P. J., Mercure, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO E. WADDELL, JR., Appellant. [708 NYS2d 344] —Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 30, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree:

The record demonstrates that, pursuant to a plea bargain, defendant pleaded guilty to criminal possession of a forged instrument in the second degree in satisfaction of a two-count indictment and another pending charge and was sentenced as a second felony offender to a term of 2 to 4 years in prison. Defense counsel now seeks to be relieved of his assignment as counsel for defendant on the basis that there are no nonfrivolous issues which can reasonably be pursued on appeal. Upon review of the record and defense counsel's brief, we agree. The record discloses that defendant, who was represented by counsel, entered a knowing, voluntary and intelligent plea of guilty and was sentenced in accordance with the negotiated plea agreement and relevant statutory requirements. The judgment is, accordingly, affirmed and defense counsel's application for leave to withdraw is granted (*see, People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650).

Crew III, J. P., Carpinello, Graffeo, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ANSON, Appellant. [708 NYS2d 345] —Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered January 4, 1999, convicting defendant upon his plea of guilty to the crimes of use of a child in a sexual performance (four counts), sexual abuse in the first degree, sodomy

in the first degree (three counts), sodomy in the third degree and possessing a sexual performance by a child.

Defendant was charged in a 65-count indictment with multiple crimes involving sexual conduct with nine children between July 1993 and January 1998. He subsequently moved to dismiss the indictment on various grounds. Prior to a decision on that motion and in full satisfaction of the indictment, he pleaded guilty to sexual abuse in the first degree, sodomy in the third degree, possessing a sexual performance by a child, four counts of use of a child in a sexual performance and three counts of sodomy in the first degree.

Defendant's plea was entered with the understanding that he would receive an aggregate prison sentence of 10 to 20 years and that he was waiving his right to have County Court decide his motion to dismiss the indictment. He was thereafter sentenced to the agreed-upon prison term, parsed as follows: sexual abuse in the first degree, 2⅓ to 7 years; sodomy in the third degree, 1⅓ to 4 years; possessing a sexual performance by a child, 1⅓ to 4 years; use of a child in a sexual performance, 5 to 15 years; and sodomy in the first degree, 10 to 20 years. All sentences were to run concurrently.

Upon this appeal, defendant challenges seven of the 10 counts of the indictment to which he pleaded guilty as factually inaccurate, improperly amended prior to his plea and grounded upon insufficient proof. By pleading guilty following the amendment of the indictment, defendant waived any alleged error in permitting the amendments (see, People v Priester, 255 AD2d 834; People v Hunt, 148 AD2d 836, 837, lv denied 74 NY2d 665) and further forfeited his right to raise nonjurisdictional challenges (see, People v Beattie, 80 NY2d 840, 842; People v Quattlebaum, 229 AD2d 729, lv denied 90 NY2d 896).

As to defendant's contention that the sentence imposed on the convictions of sodomy in the first degree were illegal under Penal Law § 70.02 (former [4]) despite its consistency with the promised 10 to 20-year aggregate sentence, there is merit. The record reflects that in the allocution before County Court, defendant admitted to engaging in the conduct alleged in the indictment but specifically stated that the acts occurred in 1994. At that time, the minimum period of imprisonment for such class B violent felonies was fixed at one third of the maximum term. While this error could warrant a vacatur of the sentence or a remittal to County Court, we need not follow such course since the sentence on these convictions was concurrent with those imposed for defendant's other convictions.

Thus, we will reduce the minimum term of the sentence imposed for the crimes of sodomy in the first degree* to 6²/₃ years—one third of the maximum 20-year term (*see, People v Davis*, 195 AD2d 698, *lv denied* 82 NY2d 716; *People v De Gaspard*, 170 AD2d 835, *lv denied* 77 NY2d 994; *People v Roseboom*, 167 AD2d 784).

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the sentence imposed for each of the convictions of the crime of sodomy in the first degree to a term of imprisonment of 6²/₃ to 20 years, and, as so modified, affirmed.

---

* These crimes are reflected in counts 38, 44 and 50 of the indictment.