■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN PASTORIUS, Appellant. [709 NYS2d 722] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: In pleading guilty to two counts of robbery in the second degree (Penal Law § 160.10 [2]), defendant agreed to cooperate with the police in the prosecution of another crime and to sign a waiver of his right to appeal at the sentencing in exchange for two concurrent terms of imprisonment of 7 to 14 years. At the outset of sentencing and before signing the waiver of his right to appeal, defendant asked County Court to reduce his prospective sentence as a matter of discretion in the interest of justice based on his full cooperation with the police. Defendant also requested that he be allowed to appeal with respect to the sentence. The court responded that defendant had already had an opportunity to be heard and that, if he did not want to fulfill his end of the bargain by signing the waiver, the court would not adhere to its sentencing promise. Defense counsel conferred with defendant while the court continued speaking. As the court stated, "It is the sentence of the Court, therefore—," defense counsel interjected, "Your Honor, he's signing," but the court pronounced the sentence of consecutive terms of 7 to 14 years. Defense counsel stated, "Your Honor, the waiver had been signed." The court replied, "Take it up with the Appellate Division," noting that defendant had the right to appeal the judgment of conviction.

We agree with defendant that he did not waive his right to appeal; the sentencing court specifically conferred that right upon him (*see, e.g., People v Letterlough*, 86 NY2d 259, 262). It is well settled that a defendant is not entitled to the benefits of his plea agreement if he violates its terms (*see, People v Gonzales*, 231 AD2d 939, *lv denied* 89 NY2d 923; *People v Clarke*, 211 AD2d 807). Here, the People noted at the outset of sentencing that defendant had fulfilled every part of his agreement with the exception of signing the waiver. Under the circumstances presented here, we modify the judgment as a matter of discretion in the interest of justice by directing that the terms of imprisonment run concurrently (*see,* CPL 470.15 [3] [c]).

Although the contentions of defendant concerning the denial of his suppression motion survive his guilty plea (*see,* CPL 710.70 [2]), none has merit. The court had jurisdiction to order

the lineup even though the pending accusatory instrument was a felony complaint (*see, People v Shields*, 155 AD2d 978, *lv denied* 75 NY2d 818). In addition, the totality of circumstances surrounding the lineup establishes that it was not unduly suggestive (*see, People v Chalmers*, 163 AD2d 528, *lv denied* 77 NY2d 876). Defendant's remaining contentions concerning allegedly suggestive identification procedures are similarly lacking in merit. (Appeal from Judgment of Oneida County Court, Donalty, J.—Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Balio and Lawton, JJ.