■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. JULIAN, Appellant.—Appeal by the defendant from (1) an order of the County Court, Nassau County (Orenstein, J.), entered August 27, 1987, which denied his motion to vacate a predicate felony conviction on the ground that it had been obtained in violation of his constitutional rights and (2) a judgment of the same court (Boklan, J.), rendered October 7, 1987, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence as a second felony offender.

Ordered that the appeal from the order is dismissed as an appeal therefrom is not authorized by CPL 450.10 or 450.20; and it is further,

Ordered that the judgment is affirmed.

The defendant challenges the constitutionality and propriety of his prior felony conviction and the sentence imposed upon him as a prior felony offender. While the order determining his application to vacate a predicate felony conviction is not separately appealable, it may be reviewed on the defendant's appeal from the judgment of conviction (CPL 470.15 [1]).

We find that the defendant failed to meet his burden of proving that his prior felony conviction was unconstitutionally obtained *(see,* CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9, 15). To the contrary, it appears that the defendant's guilty plea to the prior crime was knowingly and voluntarily made upon the advice of competent counsel whose efforts on the defendant's behalf resulted in a rational plea bargain from which the defendant derived a substantial benefit *(see, People v Pacheco,* 114 AD2d 913).

At the time of the 1981 plea the defendant was informed, *inter alia,* of his rights to a jury trial, to confront the witnesses against him, and to have his guilt proven beyond a reasonable doubt. The defendant was represented by counsel with whom he had an opportunity to consult. The defendant

acknowledged that his guilty plea was voluntary and that he was taking advantage of the Assistant District Attorney's offer to plead guilty to lesser included crimes. Such facts indicate that the plea was knowingly and voluntarily made and was not unconstitutionally obtained (CPL 400.21 [7] [b]; *People v Pacheco, supra*).

We also find that the defendant's factual allocution for the underlying plea was sufficient to establish his culpability for the underlying felony and, therefore, the court was not required to make further inquiry before accepting that plea *(see, People v McGowen,* 42 NY2d 905; *People v Clairborne,* 29 NY2d 950, 951).

Accordingly, the defendant was correctly adjudicated a second felony offender. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.