■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DENNIS DOCETI, Respondent.—Appeal by the People from a sentence of the Supreme Court, Queens County (Posner, J.), imposed April 12, 1989, which, upon a jury verdict convicting the defendant of assault in the second degree and criminal possession of a weapon in the fourth degree, sentenced him to time served plus five years probation.

Ordered that the sentence is reversed, on the law, the defendant is adjudged to be a second felony offender, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The Supreme Court declined to sentence the defendant as a second felony offender upon the ground that his 1987 plea of guilty to burglary in the third degree was constitutionally defective. The court reached this conclusion based principally upon its finding that the plea allocution on the prior felony failed to set forth sufficient facts to establish the defendant's guilt of burglary in the third degree. We disagree with the court's conclusion that the defendant's plea was constitutionally infirm, and accordingly reverse the sentence.

It is settled law that while a factual basis inquiry is one means of assuring that a guilty plea is voluntary and intelligent, it is not a constitutional requirement *(see, People v Nance,* 110 AD2d 857; *Willbright v Smith,* 745 F2d 779). Thus, a plea of guilty will be sustained in the absence of a factual recitation of the underlying circumstances of the crime if there is no suggestion in the record or dehors the record that the guilty plea was improvident or baseless *(see, People v Richardson,* 114 AD2d 980; *People v Perkins,* 89 AD2d 956; *see also, People v Lowe,* 149 AD2d 939). We find no indication that the defendant's plea of guilty to the prior crime was improvident or baseless. To the contrary, the record establishes that the defendant's prior plea was knowingly and voluntarily made upon the advice of counsel whose efforts on the defendant's behalf resulted in a favorable plea bargain from which the defendant derived a substantial benefit *(see, People v Julian,* 145 AD2d 575; *People v Pacheco,* 114 AD2d 913). We

therefore find that the defendant should have been sentenced as a second felony offender. Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.