■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINVAL GOODEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered September 16, 1987, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted following a jury trial. In attempting to perfect his appeal from the judgment of conviction, it became apparent that portions of the trial record had been lost. By decision and order dated July 26, 1989, this court denied the defendant's motion for summary reversal, but granted his application for the alternate relief of a reconstruction hearing. That hearing has since been completed. We now affirm the defendant's conviction.

There is no merit to the defendant's contention that even after considering the testimony adduced at the reconstruction hearing, the record is still inadequate for meaningful appellate review. The burden is on the defendant to demonstrate that the record is inadequate to disclose the existence of appealable and reviewable issues *(see, People v Glass,* 43 NY2d 283; *People v Smalls,* 116 AD2d 675). Indeed, the defendant must establish the inadequacy of the record by substantial evidence *(see, People v Harris,* 61 NY2d 9) in order to rebut the presumption of validity and regularity which attaches to all judgments of conviction *(see, People v Bell,* 29 NY2d 882; *People v Suren,* 131 AD2d 896). In the instant case, the defendant failed to meet this burden.

Of the numerous matters considered at the reconstruction hearing, the only issue which was not developed with specificity was whether or not the defendant was deprived of a fair trial due to the submission to the jury of a verdict sheet containing elements of the crimes charged *(see, People v Nimmons,* 72 NY2d 830). The record does reveal, however, that the defense counsel had no recollection of objecting to the submission of the verdict sheet and hence, any issue of law in connection therewith is unpreserved for appellate review *(see, People v Wilkerson,* 162 AD2d 568; *People v Freeman,* 162 AD2d 704; *People v Hallums,* 157 AD2d 800). Moreover, review of this issue in the exercise of our interest of justice

jurisdiction is unwarranted *(see, People v Comer,* 163 AD2d 485; *People v Canada,* 157 AD2d 793; *People v Mathis,* 150 AD2d 613).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.