■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 4, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that where the defendant fails to comply with a condition of his or her plea agreement, the court is not bound by its original sentencing promise and may unilaterally impose an enhanced sentence *(see, People v McNeill,* 164 AD2d 951; *People v Erazo,* 155 AD2d 477; *People v Caridi,* 148 AD2d 625; *People v Betheny,* 147 AD2d 488). Contrary to the defendant's contention on appeal, the sentence promise was clearly and unequivocally conditioned upon, among other things, the defendant appearing on the scheduled sentencing date and not being re-arrested in the interim. Thus, when the defendant failed to appear for sentencing and was subsequently re-arrested, the court was free to impose an enhanced sentence. We note that the sentence imposed was far less than the maximum sentence the court had previously stated it would impose in the event the defendant violated any of the conditions of the plea. Thompson, J. P., Sullivan, Harwood, Miller and O'Brien, JJ., concur.