■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McCOY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 25, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of 12½ to 25 years imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment from 12½ to 25 years to 5 to 10 years; as so modified, the judgment is affirmed.

During the plea allocution, the court informed the defendant that the sentence originally promised would be enhanced if the defendant failed to appear for sentencing or was rearrested before sentencing. The defendant failed to appear for sentencing and was arrested twice on unrelated charges. The court therefore imposed an enhanced sentence and denied the defendant's application to withdraw his plea. Contrary to the defendant's contention, the conditions imposed as part of the defendant's plea agreement were reasonable *(see, People v Esajerre,* 35 NY2d 463) and did not amount to "interim probation" *(cf., People v Rodney E.,* 77 NY2d 672). Since the terms of the plea agreement were clear and unambiguous and were accepted by the defendant, the court was not required to permit the defendant to withdraw his plea before imposing the enhanced sentence *(see, People v Johnson,* 177 AD2d 651; *People v Montrevil,* 176 AD2d 274; *People v Caridi,* 148 AD2d 625).

Nevertheless, in view of the defendant's age, the circumstances of the crime, and his prior minimal criminal history, we find that the sentence is excessive to the extent indicated. Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.