■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARITA THORPE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered March 11, 1992, convicting her of attempted criminal sale of a controlled substance in the third degree under Indictment No. 761/91, upon her plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered March 11, 1992, revoking a sentence of probation previously imposed by the same court, upon a finding that she had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon her previous conviction of attempted criminal sale of a controlled substance in the third degree, under Indictment No. 1319/90.

Ordered that the judgment and the amended judgment are affirmed.

It is well settled that where the defendant fails to comply with a condition of his or her plea agreement, the court is not bound by its original sentencing promise and may unilaterally impose an enhanced sentence *(see, People v McNeill,* 164 AD2d 951; *People v Gamble,* 111 AD2d 869). The sentence promised under Indictment No. 761/91 was clearly conditioned upon, among other things, the defendant appearing on the scheduled sentencing date. Thus, when the defendant failed to appear for sentencing, the court was free to impose an enhanced sentence *(see, People v Johnson,* 177 AD2d 651). We note that the sentence imposed was far less than the maximum sentence the court had previously stated it would impose in the event the defendant violated any conditions of the plea.

The defendant raises no contentions with respect to the amended judgment imposed under Indictment No. 1319/90. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.