▮ PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN VELEZ, Appellant. [622 NYS2d 576] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered December 20, 1993, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to withdraw his guilty plea and the denial of a second motion to vacate his guilty plea.

Ordered that the judgment is affirmed.

The record reflects that the Supreme Court expressly warned the defendant that if he did not appear for sentencing it would not be bound by its promise to impose a sentence of only one to three years imprisonment. Although the court's warning was somewhat elliptical, the defendant's understanding of it can readily be inferred from the record. Thus, the court was not required to permit the defendant to withdraw his plea before imposing an enhanced sentence *(see, e.g., People v Thorpe,* 189 AD2d 903; *People v McCoy,* 182 AD2d 713; *People v McNeill,* 164 AD2d 951; *cf., People v Scrivens,* 175 AD2d 671; *People v White,* 144 AD2d 711; *People v Sumner,* 137 AD2d 891).

Although the transcript of the plea proceeding does not reflect the presence of a Spanish interpreter, the court's calendar sheet has an annotation: "Spanish Int. Pres." In addition, the defendant's counsel announced on the record that he had discussed the plea with his client and his client's family through an interpreter, and the defendant has not complained that his counsel was ineffective. The transcript of the plea proceeding reflects that the defendant answered all of the questions that were addressed to him without confusion or hesitation, and at no point did he ask for clarification or for an interpreter *(People v Perez,* 198 AD2d 446). The defendant described his participation in the crime in terms that evidenced his full understanding of the plea agreement. The court, therefore, properly denied the defendant's application to vacate his plea without holding a hearing. The record contains nothing to suggest that the defendant did not comprehend the proceedings or that his plea was anything but knowing, intelligent, and voluntary *(see, e.g., People v Williams,* 183 AD2d 866; *People v Pantojas,* 182 AD2d 782; *People v Ochoa,* 179 AD2d 689; *People v Doceti,* 175 AD2d 256; *People v Bangert,* 107 AD2d 752; *People v Adams,* 65 AD2d 515). Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.