■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MONTE, Appellant. [664 NYS2d 737] —Appeal by the de-

fendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered January 3, 1995, convicting him of grand larceny in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that under the circumstances, the court erred in imposing an enhanced sentence without allowing him the opportunity to withdraw his plea of guilty. Since the defendant did not move to withdraw his plea of guilty in the court of first instance, his claim is unpreserved for appellate review (*see, People v Pellegrino,* 60 NY2d 636; *People v Peoples,* 188 AD2d 559). In any event, at the time of his plea the defendant was specifically advised that if he was rearrested before the date of sentencing or if he failed to return on that date, the court would not be bound by its sentence promise. The defendant failed to appear on the date set for sentencing and was thereafter returned on an arrest warrant. Where, as here, the defendant fails to comply with the conditions of the plea agreement, the court is not bound by its original sentencing promise and may impose an enhanced sentence without first affording the defendant the opportunity to withdraw his or her plea (*see, People v Montrevil,* 176 AD2d 274; *People v Peoples, supra).* We do not find the sentence imposed to be harsh or excessive under the circumstances of this case (*see, People v Suitte,* 90 AD2d 80).

We also conclude that the defendant's waiver of his right to appeal was conditioned on the premise that the sentence which would ultimately be imposed would be the promised sentence. Under the circumstances, this waiver should not be enforced (*see, People v Wimple,* 198 AD2d 464; *People v Prescott,* 196 AD2d 599). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.