■ The People of the State of New York, Respondent, v Anonymous, Appellant. [682 NYS2d 572] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.,) rendered June 21, 1996, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

By failing to raise it with specificity in his motion to withdraw his plea, defendant did not preserve his current challenge to his plea (*People v James*, 239 AD2d 243, *lv denied* 90 NY2d 906), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant was sufficiently warned of the consequences of absconding or committing new crimes (*see, People v Velez*, 212 AD2d 647). Concur—Sullivan, J. P., Rosenberger, Wallach and Mazzarelli, JJ.

■ In the Matter of S./C. Children, Alleged to be Abused. Luis R., Appellant; Commissioner of Social Services of the City of New York, Respondent, et al., Respondent. [681 NYS2d 249] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about February 20, 1997, which placed the subject children with petitioner for a period of 1 year, upon findings of abuse as to one child and derivative abuse as to the others, unanimously affirmed, without costs.

The abused child's out-of-court statements to the doctor who attended her that respondent had abused her were corroborated by the uncontroverted medical evidence of the child's injuries, injuries that would not ordinarily occur in the absence of abuse and were left unexplained by respondent (*see, Matter of Nicole V.*, 71 NY2d 112, 118). The abuse was sufficiently proximate in time to the proceeding to support the derivative findings of abuse as to the other children (*see, Matter of Kimberly H.*, 242 AD2d 35). We have considered respondent's other contentions and find them to be unavailing. Concur—Sullivan, J. P., Rosenberger, Wallach and Mazzarelli, JJ.