■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KONSTANTINIDES, Also Known as GEORGE KONSTANTIDES, Appellant. [744 NYS2d 447] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LaTorella, J.), rendered February 13, 1996, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In the defendant's attempt to perfect his appeal from the judgment of conviction, it became apparent that the minutes of the plea allocution had been lost. By decision and order dated July 23, 2001, this Court denied the defendant's motion for summary reversal, and, on its own motion, referred the matter to the Supreme Court, Queens County, for a reconstruction hearing with respect to the plea proceedings. That hearing has since been completed.

We reject the defendant's contention that the record is inadequate for appellate review (*see People v Gooden,* 175 AD2d 877). The defendant, the former prosecutor, and the former defense counsel testified at the reconstruction hearing. Their recollections of the plea proceedings were confirmed in part by the sentencing minutes and by the recollections of Justice LaTorella. Under the circumstances, the defendant failed to

meet his burden of establishing that the record is inadequate to disclose the existence of appealable and reviewable issues (*see People v Gooden, supra*; *see also People v Glass,* 43 NY2d 283).

The defendant contends that his plea was involuntarily obtained. During the plea allocution, the defendant refused to admit that he beat his victim with a cane, which negated the "dangerous instrument" element of assault in the second degree under Penal Law § 120.05 (2), to which he had agreed to plead guilty. The reconstruction hearing minutes, as well as the sentencing minutes, reveal that the court and the parties arrived at a remedy whereby the defendant pleaded guilty to assault in the second degree under a different subsection of the statute, Penal Law § 120.05 (1). The defendant contends, however, that his factual allocution failed to establish the element of serious physical injury in Penal Law § 120.05 (1).

Generally, in order to preserve a challenge to the factual sufficiency of a plea allocution, there must have been a motion to withdraw the plea or a motion to vacate the judgment of conviction (*see People v Toxey,* 86 NY2d 725, 726; *People v Lopez,* 71 NY2d 662, 665). Where, however, the defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without further inquiry. If the court fails to conduct this inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, despite the absence of a postallocution motion (*see People v Lopez, supra*).

Here, there is no dispute that the defendant did not move to withdraw his plea on the ground, now argued on appeal, that the serious physical injury element in Penal Law § 120.05 (1) was not established. We conclude that the narrow exception to the preservation requirement set forth in *People v Lopez (supra*), does not apply. The record reveals that the parties and the court addressed the factual insufficiency of the defendant's plea to assault in the second degree under Penal Law § 120.05 (2). The defendant does not allege, nor does the record show, that he made any statements during the plea allocution which would negate the elements of Penal Law § 120.05 (1) or cast significant doubt on his guilt of that crime.

We agree with the defendant that the reconstructed record failed to establish that he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Callahan,* 80 NY2d 273, 282). However, the defendant's remaining contentions, that his plea should be vacated because he was denied the effective assistance of counsel, that his plea was coerced,

and that his sentence was improperly enhanced, are unpreserved for appellate review, as he failed to move to withdraw his plea or to vacate his conviction on these grounds (*see People v Pellegrino,* 60 NY2d 636; *People v Leo,* 255 AD2d 458, 459; *People v Vega,* 256 AD2d 367, 368; *People v Monte,* 242 AD2d 591, 592). Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.