■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE PARIS, Appellant. [759 NYS2d 653] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered February 13, 2002, convicting defendant, upon his plea of guilty, of two counts of robbery in the first degree, and sentencing him to concurrent terms of five years with five years postrelease supervision, unanimously affirmed.

Defendant's challenge to the voluntariness of his plea is unpreserved and we decline to review it in the interest of justice. Were *we to* review this claim, we would find that the court, although not required to, thoroughly advised defendant of the rights he was waiving (*see Boykin v Alabama*, 395 US 238

[1969]; *People v Garcia*, 303 AD2d 258 [2003]). Defendant was not entitled to be warned of the impact of his conviction upon sentences he might receive for future crimes (*People v Silvers*, 163 AD2d 71 [1990], *lv denied* 76 NY2d 865 [1990]).

The record establishes that defendant received effective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Garcia, supra*).

Since defendant's prison sentence was the minimum permitted by law, discretionary review is foreclosed (CPL 470.20 [6]). We perceive no basis for reducing the term of defendant's postrelease supervision. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Williams, JJ.