■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SZYJKO, Appellant. [795 NYS2d 57]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered November 6, 2003, convicting him of operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in imposing an enhanced sentence without first affording him an opportunity to withdraw his plea of guilty. The defendant's contention is unpreserved for appellate review as he failed to move to withdraw his plea or to vacate his conviction on this ground (*see People v Monte*, 242 AD2d 591, 592 [1997]; *People v Peoples*, 188 AD2d 559 [1992]). In any event, at the time of his plea, the defendant was specifically advised that if he was re-arrested before the date of sentencing, or if he failed to return on that date, the court would not be bound by the sentence promised. The defendant failed to comply with these conditions of the plea agreement as he was re-arrested before the date of sentencing and failed to appear on the date set for sentencing. Accordingly, the court was not bound by its original sentencing promise and properly imposed an enhanced sentence without first affording the defendant the opportunity to withdraw his plea (*see People v Monte, supra*; *People v Peoples, supra*; *People v Montrevil*, 176 AD2d 274 [1991]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.