■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ONEIL W. CLARKE, Appellant. [817 NYS2d 537]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered January 21, 2005, convicting him of criminal possession of stolen property in the fifth degree and criminal possession of a forged instrument in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

During the plea allocution, the court informed the defendant that he "could get up to one year in jail on each case" if he failed to appear for sentencing or was rearrested before sentencing. The defendant was rearrested on unrelated charges before sentencing. The court therefore imposed an enhanced sentence and denied the defendant's pro se motion to withdraw his plea.

Contrary to the defendant's contention, the terms of the plea agreement were clear and unambiguous (*see People v Felder,* 187 AD2d 527 [1992]; *People v McCoy,* 182 AD2d 713 [1992]; *People v Johnson,* 177 AD2d 651 [1991]). Since the terms of the plea agreement were accepted by the defendant, the court was not required to permit the defendant to withdraw his plea before imposing the enhanced sentence (*see People v Szyjko,* 17 AD3d 609, 610 [2005]; *People v Blackford,* 271 AD2d 616 [2000]; *People v Velez,* 212 AD2d 647, 648 [1995]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.