■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GUILLEN, Appellant. [829 NYS2d 197]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered February 4, 2004, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to assault in the second degree. During the plea allocution, the Supreme Court informed the defendant that if he were "rearrested between now and the sentence date," or failed to meet any of the other plea conditions, he could receive a sentence of up to seven years' imprisonment. The defendant acknowledged that he understood the terms of the conditional plea. The defendant was arrested on unrelated charges on the day following the plea. He was sentenced in the instant case to a term of five years' imprisonment to be followed by three years of post-release supervision.

The defendant's claim that he did not violate a term of the plea agreement because the conduct that gave rise to his postplea arrest occurred prior to the plea is not properly raised on this appeal because it depends upon facts that are outside the record (*see People v Ricketts*, 27 AD3d 488 [2006]). Moreover, the defendant has failed to preserve this claim for appellate review since he neither objected to the sentence nor moved to vacate his plea on that ground (*see People v Wilson*, 257 AD2d 674 [1999]). In any event, the argument is without merit.

The defendant's contention that the trial court erred in imposing a sentence greater than that which had been promised without affording him the opportunity to withdraw his guilty plea is unpreserved for appellate review, as the defendant failed to move to withdraw his plea (*see People v Szyjko*, 17 AD3d 609 [2005]). In any event, the Supreme Court acted properly within its discretion in imposing an enhanced sentence as a result of the defendant's undisputed violation of the clear and unambigu-

ous "no re-arrest" condition of the plea (*see People v Miles*, 268 AD2d 489 [2000]). The court was under no obligation to afford the defendant the opportunity to withdraw his guilty plea (*see People v Clarke*, 31 AD3d 572 [2006], *lv denied* 7 NY3d 846 [2006]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.