THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COLON, Appellant. [840 NYS2d 579]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered September 19, 2002, convicting defendant, upon his plea of guilty, of two counts of rape in the second degree and two counts of sodomy in the second degree, and sentencing him, as a second felony offender, to consecutive terms of $2^1/_2$ to 5 years, unanimously reversed, on the law and in the interest of justice, the plea vacated, the motion to suppress testimony as to the out-of-court identification made by the two victims suppressed, and the matter remanded for further proceedings, pending an independent source hearing.

While defendant's challenge to the voluntariness of his plea survives the waiver of his right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]), his claim is nonetheless unpreserved since he failed to make a timely motion to withdraw his plea or to vacate his conviction (People v Paris, 305 AD2d 334 [2003], lv denied 100 NY2d 597 [2003]; People v Plaskett, 303 AD2d 276 [2003]). Nevertheless, since the plea allocution was so woefully deficient, we reach the issue in the interest of justice. As the record shows, the allocution as to the waiver of defendant's constitutional rights was nonexistent. The court's only inquiry was whether defendant was in fact Jose Colon, whether counsel

was his attorney, whether he had heard what counsel said (that defendant had authorized him to enter a guilty plea of two counts of rape in the second degree and two counts of sodomy in the second degree with a promised sentence of 10 to 20 years in the aggregate), whether he had discussed "this whole thing with" counsel and whether he was being forced or threatened. The court did not say that by pleading guilty defendant would be waiving his right to a jury trial, his right of confrontation, or his right against self-incrimination. This was followed by a factual allocution of the four statutory sex crimes. Thus, the record fails to disclose that defendant intelligently and voluntarily entered his plea (see Hanson v Phillips, 442 F3d 798-799 [2d Cir 2006]). We therefore vacate the guilty plea.

Defendant's waiver of the right to be prosecuted by indictment was effective since defendant was placed in a "formal preindictment procedural track" (People v Casdia, 78 NY2d 1024, 1026 [1991]) by means of a new felony complaint, thus satisfying CPL 195.10. "[T]he fact that he had already been indicted on related charges [did not] vitiate the waiver" (People v D'Amico, 76 NY2d 877, 879 [1990]), since the felony complaint alleged new crimes, not lesser included offenses of the original charges.

Since defendant's plea is invalid because of the failure of the court to mention any of his trial rights being waived, the appeal waiver is likewise invalid; thus, the issue of the suggestiveness of the showup may be raised, despite the otherwise ostensible validity of the waiver of his right to appeal. Approximately three hours after one of the victims escaped from the crime scene and the clutches of defendant and his coperpetrator, while she and the other victim were at the hospital emergency room awaiting treatment, a police officer told both victims to stand by the door and "look over toward where EMS park their trucks and to identify the person that was standing on the outside of the car." That person was defendant, standing, without handcuffs, near a police car next to an officer. The officer essentially told the victims that defendant was indeed one of the perpetrators. That the two victims viewed defendant together only increases the likelihood of an unreliable identification (see People v Adams, 53 NY2d 241, 248-249 [1981]). For a valid showup, "the emphasis must be upon the prompt and immediate nature of an identification after the crime has been committed, not . . . after the defendant has been arrested" (People v Johnson, 81 NY2d 828, 831 [1993]). Here, there was no indication that the showup was close in time or in place to the crime (see People v Riley, 70 NY2d 523, 529 [1987]). Thus, the showup identification must be

suppressed and the matter remanded for an independent source hearing as to any in-court identification. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Malone, JJ.