(March 18, 2008)

The People of the State of New York, Respondent, v Lester Achaibar, Appellant. [853 NYS2d 337]—

In order for a guilty plea to be entered knowingly, intelligently and voluntarily, a defendant must be advised of the direct consequences of the plea (*People v Ford*, 86 NY2d 397, 403 [1995]). Although there is no mandatory catechism, a minimum requirement for a valid plea is that the defendant understands the direct penal consequences (*see People v Catu*, 4 NY3d 242 [2005]).

Here, the plea minutes show only that prior to the allocution the prosecutor, defense attorney and court all agreed the disposition was an "open D," that the prosecutor intended to make an unspecified recommendation at sentencing, and that defense counsel expected the prosecutor's recommended sentence to be probation. During the allocution, defendant acknowledged he was pleading guilty to a class D felony, but there was no discussion of the meaning of that term or of the term "open D," or any inquiry of defendant as to whether he understood the scope of possible sentencing. While defendant may have understood that he might be receiving some period of incarceration instead of probation, there is no indication anywhere in the record that he was informed of the range of sentences he could receive. Accordingly, we find the plea to be invalid.

This determination renders academic the other arguments defendant raises on his direct appeal, and also renders academic the appeal from the denial of the article 440 motion. Concur—Lippman, P.J., Gonzalez, Sweeny and Catterson, JJ.