■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY PEARSON, Appellant. [865 NYS2d 59]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered October 18, 2006, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of seven years, unanimously reversed, as a matter of discretion in the interest of justice, the plea vacated, and the matter remanded for further proceedings.

During the plea allocution, the court did not inform defendant of any of the rights that he was waiving as a result of his guilty plea (*see Boykin v Alabama*, 395 US 238 [1969]), and it also neglected to inform him of the enhanced sentence he potentially faced if he failed to successfully complete a period of interim probation (*see People v Achaibar*, 49 AD3d 389 [2008], *lv denied* 10 NY3d 931 [2008]). The court's inquiry consisted of determining that defendant would accept the plea agreement whereby he would undergo a period of "intensive probation supervision" prior to sentencing, that he was aware that a plea would give him a felony conviction, and that he admitting having possessed an unlicensed firearm. Thus, the record fails to establish that defendant intelligently and voluntarily entered his plea. Although defendant did not preserve these issues, we reach them in the interest of justice in view of the extreme deficiency of the plea allocution (*see People v Colon*, 42 AD3d 411 [2007]). Concur—Lippman, P.J., Gonzalez, Nardelli, Acosta and DeGrasse, JJ.