■ The People of the State of New York, Respondent, v Jasmine Vickers, Appellant. [923 NYS2d 497]—

Judgment, Supreme Court, Bronx County (George R. Villegas, J.), rendered December 8, 2008, convicting defendant, upon her plea of guilty, of loitering for the purpose of engaging in a prostitution offense, and sentencing her to a conditional discharge, unanimously reversed, as a matter of discretion in the interest of justice, the plea vacated, and the accusatory instrument dismissed.

In a criminal court complaint dated October 2, 2008, defendant was charged with prostitution (Penal Law § 230.00). According to the complaint and supporting deposition, defendant approached a detective and asked if he wanted to engage in sexual conduct in exchange for $50.

On December 8, 2008, defendant appeared before the criminal term of Bronx Supreme Court. After hearing that the prosecutor was offering "240.37, conditional discharge," defense counsel, after an off-the-record discussion, advised the court that "we have a disposition." Defendant then allocuted as follows:

"THE COURT: Ms. Vickers, your attorney tells me that you wish to plead guilty to section 240.37, is that what you wish to do?

"THE DEFENDANT: Yes, sir.

"THE COURT: Is anyone forcing you to plead guilty?

"THE DEFENDANT: No.

"THE COURT: Are you pleading guilty because you are guilty?

"THE DEFENDANT: Yes.

"THE COURT: Plea acceptable to the People?

"MR. DOLAN: Yes, Your Honor.

"THE COURT: Waive prosecution by information?

"MR. STURMAN: Yes, Your Honor.

"THE COURT: Sentence of the Court is a conditional discharge, judgment entered as to mandatory surcharges. Advise your client of her right to appeal."

Defendant now argues that the plea should be vacated since she was never informed of any of her rights under *Boykin v Alabama* (395 US 238 [1969]). We agree.

A trial court has the constitutional duty to ensure that a defendant, before pleading guilty, "has a full understanding of what the plea connotes and of its consequence" (*Boykin* at 244; *see People v Harris*, 61 NY2d 9, 19 [1983]). Although the court is not required to engage in any particular litany when allocuting the defendant, due process requires that the record must be clear that "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" (*North Carolina v Alford*, 400 US 25, 31 [1970]; *see People v Moissett*, 76 NY2d 909, 910-911 [1990]). Thus, the court should conduct an allocution that is adequate to ensure that the defendant is guilty of the crime charged and understands the constitutional rights he or she would be waiving by pleading guilty (*People v Harris*, 61 NY2d at 17; *People v Nixon*, 21 NY2d 338 [1967], *cert denied* 393 US 1067 [1969]). While the court need not "thoroughly advise[ ]" the defendant of the rights being waived (*People v Paris*, 305 AD2d 334, 334 [2003], *lv denied* 100 NY2d 597 [2003]), no waiver of these constitutional rights may be presumed from a silent record (*Boykin* at 242-243). Among the factors to be considered in determining whether a defendant understands the nature of his or her proffered guilty plea are the "age, experience and background of the accused" (*People v Seaberg*, 74 NY2d 1, 11 [1989]).

Here, the New York City Criminal Justice Agency Report states that defendant was 20 years old and that this was her first arrest. The New York State Division of Criminal Justice Services report lists only the subject arrest and states that a fingerprint search shows no available prior information for defendant. The abbreviated plea allocution is utterly bereft of any indication that this inexperienced defendant was made aware of the constitutional rights she was giving up as a result of her misdemeanor guilty plea by the court or through consultation with counsel. The allocution consisted, in its entirety, of the court asking defendant whether she wanted to plead guilty, whether she was being forced to plead guilty, and whether she was guilty. Thus, the record fails to establish that defendant knowingly, intelligently and voluntarily entered her plea (*see People v Harris*, 61 NY2d at 18; *People v Aleman*, 43 AD3d 756,

757 [2007]; *People v Artusa,* 19 Misc 3d 145[A], 2008 NY Slip Op 51125[U] [App Term, 2d Dept 2008]).

Moreover, it can not be determined on this record whether defendant knew exactly what she was pleading guilty to. The plea minutes mention Penal Law § 240.37, but do not describe the crime or specify whether defendant was pleading guilty under subdivision (2) or (3). Further, a conviction for loitering for the purpose of engaging in a prostitution offense under Penal Law § 240.37 (2) may be a violation, if it is the defendant's first offense, or a class B misdemeanor, if the defendant has previously been convicted of a violation of that section or of sections 230.00 or 230.05 of the Penal Law. Although defendant was purportedly convicted of the offense as a class B misdemeanor, there is no indication that she was ever made aware of this distinction. Indeed, if this was defendant's first offense, as it appears to be from the records cited above, she may have nevertheless pleaded guilty to a class B misdemeanor even though she could not satisfy an express element of the crime (*see People v Van Buren,* 82 NY2d 878 [1993]; *People v Cooper,* 78 NY2d 476 [1991]; *People v Denise L.,* 159 Misc 2d 1080 [1994]).

Although defendant did not preserve her challenge to the voluntariness of her plea (*see People v Lopez,* 71 NY2d 662 [1988]), we nevertheless reach the issue in the interest of justice since the plea allocution was so "woefully deficient" (*People v Colon,* 42 AD3d 411, 411 [2007]; *see People v Pearson,* 55 AD3d 314 [2008]).

The particular circumstances of this case also warrant dismissal of the accusatory instrument in the interests of justice (*see People v Clayton,* 41 AD2d 204 [1973]). Concur—Andrias, J.P., Saxe, Catterson and Abdus-Salaam, JJ.