The defendant contends that the court failed to fulfill the sentencing promise that induced him to plead guilty. However, *1025 since the defendant breached the terms of a cooperation agreement that he entered into with the People in connection with his plea, and since he was rearrested, the court was not bound by its original sentencing promise and was free to impose the enhanced sentence (see People v Figgins, 87 NY2d 840, 841 [1995]; People v Browning, 44 AD3d 1067 [2007]; People v Thorpe, 189 AD2d 903 [1993]; People v Johnson, 177 AD2d 651 [1991]; People v McNeill, 164 AD2d 951 [1990]). Moreover, the record demonstrates that both during the plea proceeding and after the defendant entered his plea, the court expressly warned the defendant that if he did not meet the terms of the cooperation agreement or any of the other conditions of his plea agreement, including the requirement that he not be arrested for any new crime, he would face the imposition of an enhanced sentence. Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Contrary to the defendant’s contention, he was not deprived of his right to counsel under the Sixth Amendment to the United States Constitution during the sentencing proceeding (see Strickland v Washington, 466 US 668, 694 [1984]; People v Benevento, 91 NY2d 708, 713 [1998]; People v Abrams, 272 AD2d 406 [2000]; cf. People v Portillo, 95 AD3d 1361 [2012]). Eng, P.J., Skelos, Chambers and Sgroi, JJ., concur.