Hall, J.,
dissents, and votes to reverse the judgment, as a matter of discretion in the interest of justice, to vacate the plea of guilty, and to remit the matter to the Supreme Court, Kings County, for further proceedings on the indictment: I agree with the majority that the defendant’s contention challenging the court’s plea allocution is unpreserved for appellate review (see CPL 470.05 [2]). However, I must respectfully dissent because,
*985 in my view, this is an appropriate case for this Court to exercise its interest of justice jurisdiction to reach the defendant’s meritorious contention (see CPL 470.15 [6]).
It is well established that “when a criminal defendant waives the fundamental right to trial by jury and pleads guilty, due process requires that the waiver be knowing, voluntary and intelligent” (People v Hill, 9 NY3d 189, 191 [2007], cert denied 553 US 1048 [2008]; see NY Const, art I, § 6). To this end, a court has the constitutional duty to ensure that a defendant, before pleading guilty, “has a full understanding of what the plea connotes and of its consequence[s]” (Boykin v Alabama, 395 US 238, 244 [1969]; see People v Vickers, 84 AD3d 627 [2011]).
The plea colloquy in this case was virtually nonexistent. The court failed to advise the defendant that he had a right to a trial by jury, that he had a right to confront the witnesses against him, and that he had a right against compulsory self-incrimination. These are fundamental rights that a defendant must be apprised of, on the record, before pleading guilty (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). Furthermore, defense counsel’s involvement at the plea proceeding was minimal and there is no basis in the record to conclude that the defendant was actually aware of the rights he was surrendering. Under these circumstances, the record does not show that the plea was entered into knowingly, voluntarily, and intelligently and, thus, the plea is invalid.
While the defendant did not preserve his challenge to the voluntariness of his plea (see People v Lopez, 71 NY2d 662 [1988]), in my view, this issue should be reached in the exercise of this Court’s interest of justice jurisdiction, since the plea allocution was so “ ‘woefully deficient’ ” (People v Vickers, 84 AD3d at 629, quoting People v Colon, 42 AD3d 411, 411 [2007]). Where, as here, a court completely fails in its duty to ensure that a defendant is aware of the important rights he or she is waiving by pleading guilty, it cannot be said that a defendant genuinely had a fair opportunity to raise a challenge to the voluntariness of his or her plea (cf. People v Louree, 8 NY3d 541 [2007]). This consideration provides a further basis for my conclusion that the exercise of this Court’s interest of justice jurisdiction is warranted.
I note that there are nonfrivolous issues to be litigated at trial. The defendant filed a pretrial motion, inter alia, to suppress results from a breathalyzer test on the ground that he had not consented to taking the test. The People asserted that a videotape made at the time of the test proved that the defend *986 ant consented to taking the test. The Supreme Court deferred decision on the motion until trial, and noted that the People would have to “lay a proper foundation for the admissibility of the test results prior to the commencement of trial, limited to the issue of the defendant’s consent, outside the presence of the jury.” The results of the breathalyzer test are a critical part of the People’s case, since the top count of the indictment charged the defendant with vehicular assault in the first degree (see Penal Law § 120.04 [1]). Moreover, although the defendant has been released from prison, his conviction is still on his record. Therefore, the defendant still has good reason to challenge the admissibility of the breathalyzer test results and to hold the People to their burden of proof at trial.
By pleading guilty, a defendant is giving up important, fundamental rights. As a result, plea allocutions should not be taken lightly and should not be performed in a perfunctory manner. It is the court’s responsibility to ensure that a defendant is made aware of his or her important, fundamental rights before pleading guilty.
In sum, I believe that this is an appropriate case for this Court to exercise its interest of justice jurisdiction to reach the defendant’s meritorious contention regarding the voluntariness of his plea. Accordingly, on that basis, I respectfully dissent and vote to reverse the judgment.