*840 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin Brandt, J.), rendered April 26, 2011, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
Although the New York Constitution recognizes a defendant’s right to prosecution by indictment (see NY Const, art I, § 6), both the New York Constitution and CPL article 195 provide that, under certain circumstances, a defendant may validly waive that right (see NY Const, art I, § 6; CPL 195.10, 195.20). Contrary to the defendant’s contention, he validly waived his right to prosecution by indictment in accordance with the provisions of the New York Constitution and CPL article 195.
The defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review because he did not move to withdraw his plea of guilty prior to the imposition of sentence (see People v Clarke, 93 NY2d 904, 906 [1999]; People v Cohen, 100 AD3d 919 [2012], lv denied 20 NY3d 1060 [2013]). Moreover, this case does not qualify for the narrow, rare exception to the requirement that a claim of an invalid plea of guilty must be appropriately preserved (see People v Lopez, 71 NY2d 662, 665 [1988]). Under the circumstances of this case, we decline to review the defendant’s claim in the interest of justice (see People v Kitt, 102 AD3d 984 [2013]).
There is no merit to the defendant’s contention that the sentencing court failed to conduct an adequate inquiry into the validity of the defendant’s re-arrest and, thus, erred in imposing an enhanced sentence based upon his violation of a no rearrest condition of his plea (see People v Guillen, 37 AD3d 493 [2007]; see also People v Outley, 80 NY2d 702, 713 [1993]).
We agree with the defendant that the record does not demonstrate that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). Accordingly, we are not barred from reaching the merits of the defendant’s contention that the sentence imposed was excessive, which is the only contention raised herein that would be precluded by a valid waiver of the defendant’s right to appeal. Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.P, Dickerson, Leventhal and Roman, JJ., concur.