The People of the State of New York, Respondent, 
against
Cole Compton, Appellant.



Appeal from two judgments of the Criminal Court of the City of New York, Kings County (John T. Hecht, J.), rendered September 30, 2013. Each judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree.




ORDERED that the judgments of conviction are affirmed.
On September 30, 2013, defendant pleaded guilty to two charges of criminal contempt in the second degree (Penal Law § 215.50 [3]), in connection with incidents that had occurred on April 3, 2013 and September 14, 2013. During the plea allocution, the Criminal Court directly asked defendant, "[d]o you understand that when you plead guilty, you give up certain rights, including your right to a trial, your right to confront witnesses, and your right to remain silent?" Defendant replied, "[y]es." After accepting the plea, the court immediately sentenced defendant.
Defendant claims that his plea was not knowingly, voluntarily and intelligently entered. The claim is reviewable on direct appeal, notwithstanding that defendant did not move to withdraw his plea pursuant to CPL 220.60 (3), as defendant was sentenced at the same proceeding at which his plea was accepted, and the alleged error was clear from the face of the record (see People v Tyrell, 22 NY3d 359, 364 [2013]).
In the case at bar, the Criminal Court adequately informed defendant of the rights he was waiving by virtue of pleading guilty (see People v Conceicao 26 NY3d 375 [2015]; People v Tyrell, 22 NY3d at 365; People v Alexander, 19 NY3d 203, 219 [2012]; People v Bennett, 122 AD3d 871, 872 [2014]; People v Jackson, 114 AD3d 807, 807-808 [2014]). There was an " affirmative showing on the record' that . . . defendant waived his constitutional rights" (People v Tyrell, 22 NY3d at 365, quoting People v Fiumefreddo, 82 NY2d 536, 543 [1993]), as the court inquired, and defendant agreed, that he understood the specific rights he was waiving (see People v Tyrell, 22 NY3d at 365-366; People v Lopez, 6 NY3d 248, 256 [2006]; People v Harris, 61 NY2d 9, 17 [1983]; People v Vickers, 84 AD3d 627, 628 [2011]; People v Ackridge, 46 Misc 3d 143[A], 2015 NY Slip Op 50184[U] [App Term, 9th & 10th Jud Dists 2015]; People v Ottley, 44 Misc 3d 132[A], 2014 NY Slip Op 51128[U] [App Term, 1st Dept 2014]; People v Barabondeka, 43 Misc 3d 144[A], 2014 NY Slip Op 50892[U] [App Term, 1st Dept 2014]).
Defendant's claim that the Criminal Court improperly imposed an adjournment in contemplation of dismissal (ACD) involves a charge that is not the subject of this appeal. Thus, the issue is not before this court.
Contrary to defendant's contention, the Criminal Court was not required to pronounce [*2]with specificity on the record the surcharges and fees it imposed (see People v Guerrero, 12 NY3d 45, 47 [2009]).
Accordingly, the judgments of conviction are affirmed.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: April 07, 2016