The People of the State of New York, Respondent,
against
James Rivera, Appellant.




James Rivera, appellant pro se.
District Attorney Westchester County (Laurie Sapakoff, Esq.), for respondent.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Arthur J. Doran, III, J., at plea; Edward J. Gaffney, J., at sentence), rendered January 16, 2015. The judgment convicted defendant, upon his plea of guilty, of driving while ability impaired, in satisfaction of accusatory instruments charging him with several other offenses.




ORDERED that the judgment of conviction is reversed, on the law and as a matter of discretion in the interest of justice, the guilty plea is vacated, the accusatory instruments are reinstated, and the matter is remitted to the City Court for all further proceedings.
Defendant was charged, by information, with false personation (Penal Law § 190.23). He was also charged, by simplified traffic informations, with driving while ability impaired by drugs (see Vehicle and Traffic Law § 1192 [4]), refusal to submit to a chemical test (Vehicle and Traffic Law § 1194 [2] [b]), and several other traffic violations.
At 12:30 p.m. on December 8, 2014, defendant appeared with his counsel in Yonkers City Court before Judge Edward J. Gaffney. The case was on the calendar for a jury trial, but counsel indicated that defendant was willing to plead guilty to driving while ability impaired by drugs (see Vehicle and Traffic Law § 1192 [4]), a class A misdemeanor, in satisfaction of all of the charges. Defendant signed a misdemeanor conviction waiver of rights form, and the prosecutor conducted an allocution of defendant. The court agreed to sentence defendant to a conditional discharge and to pay fines and surcharges in the total amount of $895. However, when the prosecutor asked defendant, "[d]o you now plead guilty under that docket to Section 1192, Subdivision (4) of the Vehicle and Traffic Law to driving while your ability was impaired [*2]by drugs," defendant responded, "I was not impaired by drugs . . . I'm just taking the offer because I have to. I was not guilty of being impaired by drugs." The prosecutor told the court that the plea was not acceptable. Defendant claimed that he misunderstood the question. The court, among other things, told defendant, "[t]his is not a game," and that he "can't plead guilty and then not admit [his] guilt." The court adjourned the matter until later in the afternoon.
The case was recalled at 3:53 p.m. on December 8, 2014, before Judge Arthur J. Doran, III. The prosecutor indicated that defendant was now willing to plead guilty to driving while ability impaired (see Vehicle and Traffic Law § 1192 [1]), in satisfaction of all of the charges. The prosecutor asked the court to reduce the misdemeanor charge of driving while ability impaired by drugs to the traffic infraction of driving while ability impaired. The court agreed. Defendant's counsel then told the court that he had "been authorized to enter a plea of guilty to the reduced violation." The court stated, "[o]kay. Accepted. With the understanding that this will be a CD?" Counsel replied, "[t]hat is correct, Judge." The court accepted the "plea through counsel to the 1192.1," and adjourned the case for sentencing. On January 16, 2015, Judge Edward J. Gaffney sentenced defendant to a one-year conditional discharge and a $300 fine. The court also imposed a $255 surcharge and revoked defendant's driver's license for a minimum of 90 days.
Defendant's conviction must be reversed, as the City Court accepted his plea without any allocution.
Ordinarily, to preserve a challenge to the facial sufficiency of a plea, or that a plea of guilty was not knowingly, voluntarily and intelligently entered, a defendant must move to withdraw the plea on the same grounds subsequently alleged on appeal or move to vacate the judgment of conviction (see People v Peque, 22 NY3d 168, 182 [2013]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Marcinak, 69 AD3d 654, 655 [2010]; cf. People v Taufman, 14 AD3d 721 [2005]). However, as there was no factual allocution in this case, the exception to the preservation rule applies (see People v Lopez, 71 NY2d at 666-667). While a "court is not required to engage in any particular litany when allocuting [a] defendant, due process requires that the record must be clear that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant' " (People v Vickers, 84 AD3d 627, 628 [2011], quoting North Carolina v Alford, 400 US 25, 31 [1970]). "Thus, the court should conduct an allocution that is adequate to ensure that the defendant is guilty of the crime charged and understands the constitutional rights he or she would be waiving by pleading guilty" (People v Vickers, 84 AD3d at 628). Where a plea allocution does not establish a factual basis for the offense, or establish that the defendant understood any of the rights he was giving up by pleading guilty, it is inadequate (see People v Harris, 120 AD3d 411 [2014]).
Here, defendant's initial plea to driving while ability impaired by drugs, a misdemeanor, was aborted when he told the court that he had not been impaired by drugs, but was pleading guilty because he had to. Three hours later, defendant pleaded guilty to driving while ability impaired, a traffic violation. However, that plea was accepted with no allocution. Defendant did not admit his guilt to driving while ability impaired. Thus, "the record as a whole [did not] affirmatively disclose that . . . defendant . . . entered his plea understandingly and voluntarily' " (People v Conceicao, 26 NY3d 375, 383 [2015], quoting People v Harris, 61 NY2d 9, 19 [1983]). Consequently, the judgment of conviction should be reversed.
However, based on the facts and circumstances of this case, the accusatory instrument will not be dismissed, as there is a penological purpose in remitting the matter to the City Court (see People v Conceicao, 26 NY3d at 385, n; People v Allen, 39 NY2d 916, 918 [1976]; People v Bacetty-Ortiz, 49 Misc 3d 130[A], 2015 NY Slip Op 51420[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated, the accusatory instruments are reinstated, and the matter is remitted to the City Court for all further proceedings.
Tolbert, J.P., Garguilo and Brands, JJ., concur.