People v Johnson (2018 NY Slip Op 02566)





People v Johnson


2018 NY Slip Op 02566


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6008 5874/14 6007

[*1]The People of the State of New York, Respondent,
v
Yasmine Johnson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Larry R.C. Stephen, J.), rendered July 8, 2015, as amended July 9 and July 31, 2015, convicting defendant, upon her plea of guilty, of robbery in the first degree, and sentencing her, as a juvenile offender, to a term of one to three years, unanimously reversed, on the law, to the extent of vacating defendant's plea of guilty, dismissing the superior court information and reinstating the indictment.
On January 30, 2015, defendant, age 15, appeared in court with her attorney [FN1]. The record indicates that at the time, defendant had two previous minor interactions with the criminal justice system (one for disorderly conduct, and the other for theft of services, resulting in an adjournment in contemplation of dismissal). After consultation with her attorney and her mother, and discussions with the court, defendant, through her attorney, entered a plea of guilty, under a superior court information, to robbery in the first degree. Specifically, defendant admitted that on or about November 9, 2014, at approximately 8:24 p.m., near the corner of East 28th Street and Park Avenue South in New York County, defendant, acting in concert with three other girls, approached the complaining witness; one of the girls had a knife which defendant then possessed and "brandished" toward the complaining witness; a physical altercation ensued during which defendant and her accomplices stole the complaining witness's jacket and shoes. The court stated to defendant that if she abided by certain conditions for one year, she would be adjudicated a youthful offender and sentenced to a conditional discharge. The court explained that the plea agreement required defendant to: complete the Fortune Society program, including abiding by all of the conditions set forth, passing any drug tests administered by the program; not smoke marijuana; attend the charter school that defendant's mother had found for her; obey a curfew that would require defendant to be home by 9:00 p.m. every night; not "hang out" or "run the streets"; and not be rearrested "even for a small crime such as jumping over the turnstile, or a petit larceny or possessing small amounts of drugs, including marijuana." Defendant acknowledged her understanding of these conditions and requirements.
The court further advised defendant that if she did not fulfill all of the conditions, she "could get up to five to 25 years State prison." Defendant indicated her understanding of the plea agreement. As defendant was 15 yrs of age, and therefore a juvenile offender, her maximum exposure was actually 3 1/3 to 10 years in a juvenile facility.
Despite being given numerous chances, defendant failed to fulfill all the conditions. On July 5, 2015, defendant appeared for sentencing. At that time she moved, in writing, to withdraw her guilty plea on the ground that the court had "mistakenly communicated to the defendant that if she failed to complete the court-mandated program, and abide by other conditions, enumerated [*2]by the court, she faced a sentence of 5 - 25 years incarceration," even though she actually "faced a sentence of
3 1/3 — 10 years as a juvenile offender." Defendant argued that she "was under the mistaken impression that if convicted after trial she faced a much more severe sentence than, in fact, she actually faced," and that she was therefore "induced to plead guilty by mistake." The matter was adjourned to July 8, 2015. On July 8, 2015, at defendant's sentencing hearing, counsel again argued that defendant should be entitled to withdraw her plea since she had pleaded guilty, in part, based on the court's mistaken representation of the sentence she faced.
The court denied defendant's motion [FN2]. The court stated that this was not a situation where a defendant faced more jail time as a result of the court's possible factual mistake. It reasoned that as it was willing to sentence defendant as a juvenile offender, she would necessarily receive less jail time than under the plea agreement, and therefore she would not experience any prejudice. The court proceeded to sentence defendant as a juvenile offender, to 1 1/3 to 3 years incarceration. Defendant was not adjudicated a youthful offender.[FN3]
Defendant argues that her plea must be vacated as involuntary, unknowing and unintelligent because it was based on the court's incorrect statements regarding her sentencing exposure and the parties' mutual misunderstanding as to the sentencing range. We agree.
It is well settled that in determining whether a plea is voluntarily, knowingly and intelligently made, courts look to the
totality of the circumstances (People v Acevedo, 14 NY3d 113, 118 [2010]). Whether a plea is knowing, intelligent and voluntary is dependent upon a number of factors "including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (People v Hidalgo, 91 NY2d 733, 736 [1998]). This Court has repeatedly held that defendants must also be made aware of the sentencing parameters so that they may access the propriety of entering a plea of guilty (see People v Achaibar, 49 AD3d 389 [1st Dept 2008], lv denied 10 NY3d 931 [2008]; see also People v Vickers, 84 AD3d 627 [1st Dept 2011]). To that end, a defendant's receipt of inaccurate information regarding her possible sentence exposure is clearly a factor which must be considered by the court on a plea withdrawal motion (see People v Garcia, 92 NY2d 869, 870 [1998]; People v Nettles, 30 NY2d 841, 842 [1972]).
In Nettles, the Court of Appeals held that a defendant should be permitted to withdraw his guilty plea that had been entered into based upon a mutual mistake of the parties. In People v Camacho, this Court held that defendant was entitled to withdraw his guilty plea, entered on the assumption that defendant was over 18 years old at the time of crime, when in fact he was between 15 and 16 years old, because it did not represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant" (102 AD2d 728, 729 [1st Dept 1984], citing North Carolina v Alford, 400 US 25, 31 [1970]).
Here, the record fails to establish that defendant's plea was made knowingly, intelligently and voluntarily. There was an explicit misunderstanding and miscommunication to the defendant that she faced an adult sentencing range of 5 to 25 years in State prison when, as a 15-year-old juvenile offender, she in fact faced a minimum sentence of one to three years and a maximum sentence of 3 1/3 to 10 years in the custody of the Office of Children and Family Services. While incarceration for any length of time is still incarceration, there is a marked difference between 3 1/3 to 10 years in a juvenile facility and 5 to 25 years in a State prison. Defendant's belief that she was avoiding a much greater risk than she actually was casts doubt on a finding that she had a clear understanding of her guilty plea. Defendant's age and lack of [*3]familiarity with the criminal justice system only reinforce that doubt (see People v Vickers, 84 AD3d at 628).
That defendant was offered an extremely beneficial plea that would allow her to be afforded youthful offender treatment and avoid incarceration does not, as argued by the People, detract from the fact that defendant was misinformed as to her sentencing exposure. Similarly, that defendant received a lesser sentence than what was promised by the court does not remedy the involuntariness of her plea of guilty (see People v Camacho, 102 AD2d at 729). Under the circumstances presented, it cannot be found that defendant would have accepted the promised plea and entered a plea of guilty, if she had been accurately informed of the sentencing parameters.
In light of the foregoing, we need not reach any other issue on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK



Footnotes

Footnote 1:Defendant's mother was also present.

Footnote 2:It is unclear from the record as to whether the People opposed the motion. Defendant argues that they did not oppose the motion to vacate the plea.

Footnote 3: The court later amended defendant's sentence to a term of incarceration of from one to three years.