People v Fearing (2025 NY Slip Op 03776)

People v Fearing

2025 NY Slip Op 03776

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, O'Neill Levy, JJ. 

Ind. No. 393/20|Appeal No. 4607|Case No. 2021-00633|

[*1]The People of the State of New York, Respondent,
v
Sophia Fearing, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Jonathan Garelick of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered February 2, 2021, convicting defendant, upon her plea of guilty, of attempted assault in the second degree, and sentencing her to a jail term of 364 days, unanimously affirmed.
A plea court "should conduct an allocution that is adequate to ensure that the defendant is guilty of the crime charged and understands the constitutional rights he or she would be waiving by pleading guilty" (People v Vickers, 84 AD3d 627, 628 [1st Dept 2011]). The court is obligated to consider the "age, experience and background of the accused" (id. [internal quotation marks omitted]). A "more probing inquiry" may be warranted where the record alerts the court to a defendant's "mental illness . . . which might call into question his ability to apprehend the effect of his statements" (People v Palmer, 159 AD3d 118, 122 [1st Dept 2018]; see People v Patillo, 185 AD3d 46, 49 [1st Dept 2020]).
Here, defendant's allocution was sufficient. While the court did not elicit that defendant used a deadly weapon or dangerous instrument, the court was not required to elicit specific admissions to each element of attempted second-degree assault, nor was it required to elicit the underlying facts of the crime (People v Goldstein, 12 NY3d 295, 301 [2009]). The court elicited the other elements of the offense (Penal Law §§ 110.00, 120.05[2]), and defendant said nothing in her allocution that was inconsistent with the offense. The allocution showed that defendant understood the charge to which she was pleading (Goldstein, 12 NY3d at 301), that it was a felony which would remain on her record, and the negotiated 364-day sentence.
Moreover, defendant made clear that she understood the proceedings, that no one had forced her to plead guilty, and that she had discussed her case (including any potential defenses and the proposed plea) with her counsel. Counsel also confirmed that she had conferred with defendant (see generally People v Nixon, 21 NY2d 338, 354 [1967], cert denied 393 US 1067 [1969], abrogated on other grounds People v Smith, 28 NY3d 191 [2016]). The court also specified the trial and appellate rights that defendant was waiving and confirmed that defendant understood them.
Thus, the record is sufficient to establish that defendant's plea was knowing, intelligent, and voluntary, even considering the prior finding of defendant's incompetence pursuant to CPL article 730. There is no indication that defendant had become incompetent again between July 2020, when she was deemed competent, and February 2021, when she pleaded guilty.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025